JOHNSON *v.* MACK.

TRESPASS—ASSAULT AND BATTERY—NEGLIGENCE—INSTRUCTIONS—
HARMLESS ERROR.

  Where a declaration in trespass for assault and battery charges
    defendant with shooting plaintiff "wantonly, willfully, and
    maliciously, and without provocation, justification, or legal
    cause," and the evidence shows that defendant, a police offi-
    cer, without right, attempted to arrest plaintiff, and shot
    several times in his direction to stop him, an instruction sub-
    mitting the case to the jury on the theory of a negligent
    shooting is harmless to defendant.

Error to Kent; Wolcott, J.    Submitted June 23, 1905.
(Docket No. 59.)    Decided July 21, 1905.

Trespass vi et armis by Earl Johnson, by next friend,
against Rollin Mack. There was judgment for plaintiff,
and defendant brings error.    Affirmed.

*McKnight & McAllister* and *R. E. Springett,* for
appellant.

*George E. Nichols* and *D. C. Sheldon,* for appellee.

McALVAY, J.    Plaintiff, a minor, brought suit by his
next friend against defendant for damages sustained from
a gunshot wound wrongfully inflicted by defendant.    On
September 3, 1903, plaintiff was in the village of Lowell,
Kent county, and, with three companions, visited a saloon,
where some disturbance occurred between one of them,
named Rice, and another person.    Rice was twice ejected
by the proprietor and barkeeper.    Plaintiff went outside,
and, after Rice was ejected the second time, plaintiff
struck with his hand and broke a glass beer sign in front
of the saloon.    The parties in the saloon then came out,
and Rice was arrested, and plaintiff ran away.    The
above is the only misconduct of plaintiff that evening.

After midnight plaintiff went to the Pere Marquette depot, and remained there until 3 o'clock in the morning, waiting to catch a freight train to go home to Belding. While there he saw two men approaching; one of them, the defendant. He did not know the defendant, or that he was an officer, but he had been told earlier in the evening that parties were after him. Defendant was a special deputy sheriff for certain purposes, and a special police officer of the village of Lowell. He was not present when plaintiff broke the glass sign, and had no warrant for his arrest. Plaintiff started and ran away when these men approached. The defendant called upon him several times to halt, and shot at him six times while running. He was severely wounded in the back by one shot. Two dangerous surgical operations were necessary on account of the wound he received. The injury appears to have been a very serious one. Defendant admits the shooting, and that he shot in the general direction of the plaintiff. He claims that he was shooting into the dark, and did not intend to shoot the plaintiff. Plaintiff recovered judgment. The foregoing statement is gleaned from the briefs of the parties, which are in substantial accord as to the material facts.

To avoid the expense of printing the evidence in the case, the parties have stipulated as follows:

"1. That the plaintiff was not at the time of the shooting committing any felony, nor had he been guilty of any felony prior to that time.

"2. That the acts which the plaintiff had been guilty of, and for which the defendant was seeking to arrest him, did not amount to a felony, and were misdemeanor, at most.

"3. That any acts that plaintiff had been guilty of, and for which defendant was seeking to arrest him, were not committed in the presence, hearing, or sight of defendant, and were committed at least three hours before the attempted arrest and shooting occurred.

"4. That, at the time of making the attempted arrest and shooting, defendant was not armed with a warrant,

and no complaint had been made or warrant issued against plaintiff.

"5. That the defendant, in his attempt to make the arrest, and his acts in making the same, were unlawful and without authority in law."

A motion for a new trial was made, and denied for the following reasons:

"A number of grounds are alleged in the motion for a new trial, but only one is urged in this court, namely, that the declaration alleged that the acts of said defendant were wanton, willful, and malicious, and did not charge negligence, and that it was error in the court to permit the jury to consider negligence as a ground for plaintiff's recovery. The declaration alleges that the defendant wantonly, willfully, and maliciously, and without justification, provocation, or legal cause, shot the plaintiff.

"The evidence clearly showed that the shooting was without justification, provocation, or legal cause. The plaintiff had committed no felony, and was not suspected of having committed a felony, nor had he committed any breach of the peace, nor any offense in the presence of the officer. The repeated firing of the revolver by the defendant in the night, in the general direction in which the plaintiff was running, for the purpose of causing him to stop, was admitted by defendant.

"His conduct in this respect, even if he intended to shoot at one side of the plaintiff, as he claimed, was so unjustifiable, grossly careless, and regardless of consequences that it might well be termed wanton and willful, and, in my judgment, warranted the court in so instructing the jury. If the submission of the question of negligence was error, in my opinion it was without prejudice to the defendant."

Defendant assigns error upon the refusal to grant a new trial, and many errors upon the charge of the court. In this court he insists upon the single contention that the trial judge submitted the case to the jury as an ordinary negligence case, whereas the declaration counts upon a wanton, willful, and malicious injury of the plaintiff by defendant.

The portion of the charge of the court claimed to be erroneous is as follows:

"If you determine from the evidence the shooting of plaintiff was not intentional, then you will consider whether, under the evidence, the defendant is liable to the plaintiff for negligence in shooting in the manner he did. * * *

" It is not a defense that the shooting of plaintiff occurred without the defendant's intending it, if the defendant was intentionally discharging the gun in the general direction in which the plaintiff was running, under the circumstances of this case, intending to point it in one side, if, as a matter of fact, such use of the gun resulted in shooting the plaintiff.

" The shooting of plaintiff, even if unintentional, cannot be termed an accident, in the sense that it was unavoidable and without fault on the defendant's part. If the shooting was not intentional, the defendant would still be liable to the plaintiff, if his negligent use of the revolver caused the injury to plaintiff without the plaintiff contributing to the danger by his own negligence.

" It is not claimed here that the plaintiff contributed to the injury by his own negligence; that is to say, the effort of the plaintiff to escape by running in a different direction, if he did, could not, under the circumstances of the case, be imputed to the plaintiff as negligence. * * *

" If you find the defendant intentionally shot the plaintiff, or was guilty of negligence in firing the revolver in the way he did, the plaintiff is entitled to recover."

This portion of the charge objected to must be read in connection with the balance of the charge to the jury. The court, with great care and at great length, instructed the jury correctly as to the claims of the parties, as to the law authorizing arrests without a warrant, and as to when an officer may be justified in shooting a person escaping from arrest, and further as follows:

" Under the facts in this case, it appears that the plaintiff had not been guilty of any felony, and that the defendant had no probable cause to believe that the plaintiff had committed a felony, or that there was any immediate danger of the commission of a felony, and that the defendant was not acting in self-defense at the time of the shooting. I instruct you that the defendant had no right to shoot the plaintiff to effect his arrest, and that, if such shooting was intentional, the defendant is liable in this action for such

damages as the plaintiff has suffered therefrom, under the rule of damages on which I will hereafter more fully instruct you."

The sole claim of defendant upon the trial was that he did not intend to shoot plaintiff, but shot in his direction to stop him, and upon this claim of defense the portion of the charge objected to is based. The declaration is one claiming damages for injury arising from the assault and battery committed by defendant. This assault and battery are charged to have been done " wantonly, willfully, and maliciously, and without provocation, justification, or legal cause," and the declaration properly alleges a cause of action. The charge of the court was warranted by the facts which the evidence tended to show. The defense relied upon went more to the question of mitigation of damages than in justification of the injury committed. In no view of the case could an arrest be justified, much less the use of firearms. The claim of defendant is not tenable. If the court was in error in giving the portion of the charge objected to, it was in favor of defendant. The conduct of defendant was reckless in the extreme, and without excuse. The reckless use of firearms by overzealous officers often results, as in this case, in serious injury. Recklessness of this character may, as the trial court said, well be termed wanton and willful conduct.

We find no error in the case. The judgment will be affirmed.

MOORE, C. J., and CARPENTER, BLAIR, and OSTRANDER, JJ., concurred.