COGSWELL *v.* KELLS.

1. Assault and Battery—Deer Hunters—Intent—Evidence.
    Plaintiff who failed to show defendant, a deer hunter, knew that the object at which he fired was a man or that he had any reason to believe that the firing of his high-powered rifle about 5 o'clock in the afternoon late in November in the northern portion of the lower peninsula would injure anyone did not establish an assault and battery, as the element of wilful intent to injure a human being is lacking.

2. Bankruptcy—Deer Hunters—Wilful and Malicious Injury.
    Record in garnishment proceeding by one deer hunter against another, as principal defendant, *held,* not to warrant a finding that in shooting of plaintiff such defendant was guilty of gross, wanton and reckless negligence, thus causing a wilful and malicious injury not dischargeable in bankruptcy (Bankruptcy Act, § 17).

3. Pleading—Conclusions of Law—Wanton and Wilful Reck-
    lessness.
    In declaration for damages for amputation of leg resulting from shooting of plaintiff by defendant, while both were hunting

deer, charge of wanton and wilful recklessness *held,* merely a conclusion of law stated by the pleader.

4. SAME—CONCLUSIONS OF LAW—FAILURE TO PLEAD—ADMISSIONS.
   Statements in pleadings which are but conclusions of law are not admitted by failure of defendant to plead.

5. NEGLIGENCE—WILFULNESS.
   If one wilfully injures another, or if his conduct in doing the injury is so wanton or reckless that it amounts to the same thing, he is guilty of more than negligence, the act being characterized by wilfulness rather than inadvertence and being different in kind.

6. BANKRUPTCY—WILFUL AND MALICIOUS INJURIES—VIOLATION OF LAW.
   "Wilful and malicious" injuries, as used in the bankruptcy act, mean something more than accidental injuries which happen to occur as the result of the wilful commission of an unlawful act or the mere violation of a penal statute or ordinance, and signify the doing of an act which must and does result in injury to the plaintiff or that class of torts in which malice and injury are always implied by law (Bankruptcy Act, § 17).

7. SAME—FIRING OF RIFLE BULLET—KNOWLEDGE OF PRESENCE OF PEOPLE.
   The firing of a bullet from a rifle, across a public highway in the country at a target, in violation of a penal statute, which bullet accidentally injures a person who was unseen by, and whose presence was unknown to, the operator of the rifle does not constitute a wilful and malicious injury within the purview of the bankruptcy act (Bankruptcy Act, § 17).

Appeal from Wayne; Toms (Robert M.), J. Submitted April 5, 1940. (Docket No. 55, Calendar No. 40,804.) Decided June 3, 1940.

Garnishment by James Cogswell against James Kells, principal defendant, and Square D. Company, garnishee defendant. From order denying principal defendant's motion to quash writ of garnishment, he appeals. Reversed.

*Hecker & Smith,* for plaintiff.

*Wilfred H. Erwin (Nathan R. Berke,* of counsel), for defendant.

SHARPE, J.   The essential facts in this case are not in dispute.   Plaintiff brought suit and recovered a judgment in the circuit court of Wayne county for injuries received while on a hunting trip in the northern part of Michigan.

The declaration alleges that in November, 1935, plaintiff was deer hunting south of Hubbard Lake; that about 5 o'clock in the evening he stopped hunting due to the gathering darkness and proceeded through the woods to the State highway; that the edge of the highway was free of brush or other obstacles to visibility; that he came onto the highway near the traveled portion thereof and was clearly visible to any one upon the highway; that defendant was hunting deer and was carrying a high-powered rifle; and that defendant fired directly at the plaintiff, the bullet striking plaintiff in the leg slightly below the left hip, as a result of which it became necessary to amputate plaintiff's leg just below the hip.

The declaration also alleges:

"That defendant notwithstanding his duties to the plaintiff as set forth in paragraph five of this declaration did violate his said duties in that:

"(a) He fired said rifle at the plaintiff when he could not distinguish the plaintiff's identity.

"(b) He fired said rifle in the direction of the plaintiff without having a view as would be certain no person was in the line of firing.

"(c) He fired said rifle over the highway.

"(d) He fired said rifle at a time when due to darkness it was impossible to distinguish objects.

"(e) He failed to keep proper lookout for persons within the range of sight of firing of rifle when in the act of firing same.   *   *   *

"That by reason of the said negligence and wan-

ton and wilful recklessness of defendant, and his failure to perform his duties to exercise proper care and caution, and because of his wanton and wilful recklessness, and without any fault or negligence on the part of the plaintiff, but solely through the negligence and wanton and wilful recklessness of the defendant, the said defendant shot plaintiff as afore said."

The defendant filed no answer and a judgment of default was entered against defendant on June 10, 1938, and damages assessed in the amount of $7,529.12. On February 11, 1939, defendant was adjudicated a bankrupt. Plaintiff's judgment was scheduled in the bankruptcy petition and defendant was discharged in bankruptcy on May 5, 1939.

On May 27, 1939, plaintiff secured a writ of garnishment against the Square D Company (garnishee defendant). Defendant, James Kells, filed a motion to dismiss the writ of garnishment which was denied by this trial court. Defendant appeals.

The only issue before us is whether plaintiff's judgment was discharged in bankruptcy.

Plaintiff urges that the act complained of was an assault and battery and as such was a "wilful and malicious" injury to plaintiff; and that the act was grossly, wantonly and recklessly negligent and caused a "wilful and malicious" injury to plaintiff.

In *Tytar* v. *Horbol*, 274 Mich. 634, plaintiff was beaten about the head by a hammer wielded by defendant. A judgment was rendered for damages growing out of an assault and battery. We there held that the judgment was based upon wilful and malicious injuries to plaintiff and was not released by defendant's adjudication and discharge in bankruptcy.

Plaintiff relies upon *Johnson* v. *Mack*, 141 Mich. 99, to sustain his theory that the act complained of by

plaintiff was an assault and battery. In the *Johnson Case, supra,* defendant shot a man, after calling upon him several times to halt, knowing he was shooting at a *man.* The shooting was a deliberate act of the defendant. In the case at bar, the defendant did not know that the object at which he fired was a man, nor did he have any reason to believe that the firing of a rifle would result in injury to anyone. The element of "wilful intent" to injure a human being is lacking in this case. We do not find that the facts here establish an assault and battery.

Moreover, we do not find that defendant was guilty of gross, wanton and reckless negligence thus causing a wilful and malicious injury to plaintiff. The charge in the declaration of wanton and wilful recklessness is merely a conclusion of law stated by the pleader. Such conclusions are not admitted by failure of defendant to plead. *Bonnici* v. *Kindsvater,* 275 Mich. 304.

One of the suggested tests of wilful misconduct is stated in *Gibbard* v. *Cursan,* 225 Mich. 311, where the court said:

"If one wilfully injures another, or if his conduct in doing the injury is so wanton or reckless that it amounts to the same thing, he is guilty of more than negligence. The act is characterized by wilfulness, rather than by inadvertence, it transcends negligence—is different in kind."

In *Panchula* v. *Kaya,* 59 Ohio App. 556 (18 N. E. [2d] 1003), the court said:

" 'Wilful and malicious' injuries as used in the bankruptcy act mean something more than accidental injuries which happen to occur as the result of the wilful commission of an unlawful act. Wilful misconduct and wanton misconduct mean something more than the mere violation of a penal statute under

the circumstances of this case. And even though an innocent person is accidentally killed by a bullet fired in violation of law, the provision of the bankruptcy act in question must be construed in the light of the intention of the United States congress which enacted it.

"Had the congress intended to exempt from the operation of the law liabilities arising out of the mere breach of a penal statute or ordinance, it would have said so. The words 'wilful and malicious' signify the doing of an act which must and does result in injury to the plaintiff, or that class of torts in which malice and injury are always implied by law. *Ely* v. *O'Dell*, 146 Wash. 667 (264 Pac. 715, 57 A. L. R. 151). See, also, *In re Phillips*, 298 Fed. 135.

"We therefore conclude that the firing of a bullet across a public highway in the country at a target, in violation of a penal statute, which bullet accidentally strikes and kills a person in an adjacent field, who was unseen by, and whose presence was unknown to, the operators of the firearm, and under such circumstances that the operators of the firearm were not conscious from their knowledge of surrounding circumstances and existing conditions that the firing of the gun would naturally or probably result in injury, does not constitute a wilful and malicious injury within the purview of section 17 of the Federal bankruptcy act, 11 USCA, § 35."

In our opinion there was no charge or proof of wilful and malicious injury. At most the proof established negligence upon the part of defendant and the judgment is dischargeable in bankruptcy.

The judgment is reversed, with costs.

Bushnell, C. J., and Potter, Chandler, North, McAllister, Wiest, and Butzel, JJ., concurred.