STRIKER v. MARTINDALE.

1. Limitation of Actions—Negligence—Assault and Battery—Pleading—Hunting Accident.

Declaration in action for injuries to plaintiff hunter, received when defendant took a quick snap shot at a pheasant which arose between them "without first ascertaining that he could shoot his said shotgun at said bird with safety to plaintiff, and thereby caused most of the pellets with which said gun was loaded to be embedded in plaintiff's left lower leg" alleged an action resulting from negligence rather than an intentional injury, hence, the 3-year statute of limitations was applicable rather than 2-year statute applicable to actions for assault and battery (CLS 1956, § 609.13, subds [2][3]).

2. Assault and Battery—Intent to Injure a Human Being.

An action of assault and battery includes the element of wilful intent to injure a human being.

3. Negligence—Pleading—Statute of Limitations—Assault and Battery.

Allegations of an action for negligence in a declaration, also containing allegations for assault and battery, should not be ignored in determining whether plaintiff was entitled to longer period under the statute of limitations within which to bring an action for negligence (CLS 1956, § 609.13, subds [2][3]).

Appeal from ·St. Clair; Kane (Edward T.), J. Submitted February 6, 1964. (Calendar No. 47, Docket No. 50,347.) Decided April 6, 1964.

References for Points in Headnotes
[1] 34 Am Jur, Limitation of Actions § 105.
6 Am Jur 2d, Assault and Battery § 154.
[2] 6 Am Jur 2d, Assault and Battery §§ 3, 5, 6.
[3] 34 Am Jur, Limitation of Actions § 422 et seq.
6 Am Jur 2d, Assault and Battery § 154.

Case by Richard Striker against Joseph P. Martindale for personal injuries sustained in hunting accident. Motion to dismiss denied. Defendant appeals. Affirmed.

*Peter E. Bradt,* for plaintiff.

*James P. Mattimoe,* for defendant.

DETHMERS, J. This case presents a statute of limitations problem. On October 22, 1959, plaintiff and defendant were together hunting pheasants with shotguns. Defendant accidentally shot and injured plaintiff. He brought suit on June 22, 1962. Defendant moved, before trial and on the basis of the allegations in plaintiff's declaration, to dismiss on the ground that the alleged cause of action, if any, was for assault and battery and, therefore, barred by the 2-year limitation of CLS 1956, § 609.13, subd (3) (Stat Ann 1959 Cum Supp § 27.605, subd [3]). Plaintiff contended that his declaration was founded on negligence, not assault and battery, and that, therefore, the 3-year limitation provided in subdivision (2) applied. From order denying his motion to dismiss, defendant, on leave granted, appeals.

Does the 2-year or 3-year limitation on actions govern? This depends on whether the action as alleged is for injuries and damages resulting from assault and battery or from negligence. Plaintiff's declaration, after alleging generally in its paragraph 2 that "defendant carelessly, recklessly, negligently, wilfully and wantonly shot plaintiff in the left leg," particularized in its paragraph 4 as follows:

"At said time and place when the parties hereto were hunting pheasants, and were in plain sight of each other and about 10 feet apart a pheasant arose between them, and defendant took a quick snap shot at said pheasant with his shotgun, which snap shot was aimed directly toward plaintiff and which

snap shot was taken by defendant without first ascertaining that he could shoot his said shotgun at said bird with safety to plaintiff, and thereby caused most of the pellets with which said gun was loaded to be embedded in plaintiff's left lower leg, all in violation of the duties hereinabove alleged."[*]

The noted allegations in paragraph 2 as to shooting recklessly, et cetera, were conclusionary, and its alleged conclusion that it was done wilfully and wantonly is refuted in paragraph 4. The latter paragraph, containing the only allegations of facts, distinguished from conclusions, as to how the shooting was done, states a cause of action manifestly based not on a wilful shooting of plaintiff, but one which was accidental, resulting from negligence on defendant's part. The element of "intentional injury" is not expressed in the allegations of facts pertaining to how the shooting occurred. Do the allegations permit of a finding of constructive intent?

Defendant cites *Johnson* v. *Mack*, 141 Mich 99. There a deputy sheriff, without legal justification, attempted to stop plaintiff who was running away from him in the dark and, when plaintiff did not stop, shot at him 6 times, 1 of the shots wounding plaintiff. Defendant deputy testified that he was shooting in the dark in the general direction of plaintiff but did not intend to shoot him but only to shoot at one side of plaintiff to make him stop. While not expressly discussing constructive intent, this Court held that defendant was reckless in the extreme and that such recklessness may well be termed wanton and wilful conduct and, hence, there was an assault and battery. In the instant case the facts alleged do not make out a case of the defendant having wilfully and recklessly shot at plaintiff, as defendant did in *Johnson* v.

---

[*] The duties referred to were previously stated in the declaration to include the following:

"To have refrained from firing said shotgun without first ascertaining that he could do so without damage to plaintiff."

*Mack, supra.* The allegations of fact are only that defendant took a quick snap shot at the pheasant but negligently failed first to take careful aim. This falls short of supplying a constructive intent to injure plaintiff.

In *Cogswell* v. *Kells,* 293 Mich 541, defendant was engaged in deer hunting and at dusk, in "gathering darkness," shot his rifle at an object which proved to be plaintiff, but it was not shown that defendant knew it was a man or that he had any reason to believe that the firing of his rifle would result in injury to anyone. This Court held that, under such facts, the element of wilful intent to injure a human being is lacking and that, hence, an assault and battery was not established. While, in the instant case, defendant knew of plaintiff's presence, the factual allegations in the declaration negative the "wilful intent" element discussed in *Cogswell.*

Even if the declaration were to be held to include allegations of an assault and battery, the fact remains that its allegations in paragraph 4 state a cause of action founded on negligence. The court should not give effect to defendant's effort to cut off plaintiff's cause of action with the sharp edge of the statute of limitations by embracing such language in the declaration, if any, as might constitute an allegation of assault and battery and rejecting or ignoring that which clearly alleges a negligence action. In determining whether the statute has run on plaintiff's cause of action he is entitled to the benefit of the allegations of a cause of action, if any, against which the statute has not run.

Affirmed. Costs to plaintiff.

KAVANAGH, C. J., and KELLY, SOURIS, SMITH, O'HARA, and ADAMS, JJ., concurred.

BLACK, J., did not sit.