QUEEN INSURANCE COMPANY v. HAMMOND.

1. NEGLIGENCE—YOUNG MINORS—CONCLUSIVE PRESUMPTION.
    Negligence count in subrogee fire insurer's action against 6-year-
    old child was properly dismissed, since in this State children
    under 7 years of age are conclusively presumed incapable of
    negligence.

2. TORTS—YOUNG MINORS—INTENT.
    Children under 7 years of age are determined to be incapable
    of committing and irresponsible for intentional torts, such
    as malicious destruction of property.

3. APPEAL AND ERROR—REASONS ASSIGNED FOR RESULT REACHED.
    The Supreme Court does not disturb the result attained by a trial
    court, where the right conclusion is reached in deciding a case
    although other reasons should have been assigned.
    DETHMERS and KELLY, JJ., dissenting.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 27 Am Jur, Infants §§ 90, 91.
    Comment Note—Tort liability of child of tender years.   67 ALR2d
    570.
[3] 5 Am Jur 2d, Appeal and Error §§ 727, 785.

Appeal from Wayne; Wise (John M.), J. Submitted October 8, 1963. (Calendar No. 4, Docket No. 50,177.) Decided February 8, 1965.

Declaration by Queen Insurance Company, a foreign corporation and subrogee of Robert W. and Dolores Hunter, against Edgar Hammond for damages arising from a fire. Dismissed. Plaintiff appeals. Affirmed.

*Maples, Jones & Mehling (Stanley H. Maples* and *Orrin C. Jones,* of counsel), for plaintiff.

*Ward, Plunkett & Cooney (David J. Watters, Jr.,* of counsel) for defendant.

KAVANAGH, C. J. Plaintiff Queen Insurance Company appeals from an order of the Wayne circuit court · dismissing its declaration as to defendant Edgar Hammond.

In November, 1961, appellant Queen Insurance Company, and Home Mutual Insurance Company, both foreign corporations duly admitted to do business in the State of Michigan, joined in suing Bradley McAllister and Edgar Hammond (ages 4 and 6 respectively on the date of the incident) jointly and severally for damages allegedly caused by a fire started by defendants in the home of plaintiffs' subrogors, Robert W. and Dolores Hunter. Damages were sought in the amounts paid to the Hunters for repairs and replacements by insurers against loss by fire of the home ($3,480.32 by appellant) and its contents ($1,250 by Home Mutual), upon payment of which sums insurers became subrogated to the recovery rights of the Hunters.

The declaration, as amended, contained two counts, both of which alleged ownership by the

Hunters of the home and its contents, damages to both by fire, payment by plaintiff insurance companies of the above amounts for repairs and replacements, and subrogation of plaintiffs to rights and claims of the Hunters. In the respective paragraphs of each count, which alleged the proximate cause of the fire, count 1 stated a cause of action in negligence and count 2 in intentional tort.

Defendants filed separate answers and defendant McAllister (the 4-year-old) made a motion to dismiss "on the grounds that as a matter of law he cannot be liable because of his tender years." The trial judge granted the motion on the grounds asserted, and from that order no appeal was taken.

Defendant Hammond (the 6-year-old) then filed a motion to dismiss on the basis that count 1 stated a cause of action in negligence, of which 6-year-old children are presumed incapable in Michigan; and that plaintiffs in count 2 "complain of acts which amount to a crime. At common law a child of 7 years is conclusively presumed incapable of crime." In granting the motion to dismiss, the trial court readopted its opinion filed originally in dismissing the declaration as to defendant McAllister.

That opinion states as the issues whether infants of the ages here in question are capable of negligence and of intentional torts. The court ruled in the negative as to negligence and declared that since count 2 alleges what amounts to a crime, of which infants under 7 are conclusively presumed incapable, it too must be dismissed. From this dismissal of the case as to defendant Hammond, plaintiff Queen Insurance Company alone appeals.

A careful examination of the two paragraphs alleging causation reveals that plaintiffs in count 1 alleged negligence and carelessness in striking a match or matches and applying same to the building

and its contents, and in count 2 that defendants "deliberately, wilfully, wrongfully, and maliciously and tortiously set fire to the building * * * and contents."

The trial court was correct in granting defendants' motion to dismiss as to the negligence count; for in this State children under 7 years of age are conclusively presumed incapable of negligence. *Baker* v. *Alt,* 374 Mich 492.

Even if, as urged by plaintiff, count 2 is found to contain a well-pleaded cause of nonmalicious intentional tort,[1] the trial judge did not err in dismissing it, for the public-policy reasons underlying our decision in *Baker* v. *Alt, supra,* apply equally to preclude the liability of infants under 7 years of age in the realm of intentional torts. Those reasons are to be found in our long tradition of legislative and judicial recognition of the incapacity and irresponsibility of infants and the ever-present desire of the judiciary, the bar, and the general body of citizens for consistency and stability in the law.

We find these considerations to be compelling, even in view of the reasons advanced in support of the contrary position taken by the courts of several of our sister States.[2]

"Where the trial judge reaches the right conclusion in deciding a case, we do not disturb the result attained even though other reasons should have

---

[1] This Court has declared that an allegation of malice is a mere conclusion of law (*Cogswell* v. *Kells,* 293 Mich 541) to be ignored, where troublesome, in favor of a finding of a well-pleaded cause of another sort (*Deeg* v. *City of Detroit,* 345 Mich 371). See, also, *Striker* v. *Martindale,* 372 Mich 578, 581.

[2] *E. g., Seaburg* v. *Williams,* 16 Ill App2d 295 (148 NE2d 49, 67 ALR2d 562); *Cleveland Park Club* v. *Perry* (Mun Ct App, DC), 165 A2d 485; *Baldinger* v. *Consolidated Mutual Insurance Co.,* 15 App Div 2d 526 (222 NYS2d 736), affirmed by 11 NY2d 1026 (183 NE2d 908, 230 NYS2d 25).

been assigned." *McNair* v. *State Highway Department,* 305 Mich 181, 188.

Affirmed. Costs to appellee.

BLACK, SOURIS, SMITH, and O'HARA JJ., concurred with KAVANAGH, C. J.

DETHMERS, J. For reasons stated in Mr. Justice KELLY's dissenting opinion in *Baker* v. *Alt,* 374 Mich 492, concerning the responsibility and capability of children under 7 years of age to be guilty of negligence or contributory negligence, I would dissent from Mr. Chief Justice KAVANAGH's opinion and decision affirming the lower court's order of dismissal.

KELLY, J., concurred with DETHMERS, J.

ADAMS, J., took no part in the decision of this case.