BURHANS *v.* WITBECK.

1. AUTOMOBILES—MINORS—5-YEAR-OLD GUEST PASSENGER.

A 5-year-old child has not the legal capacity of exercising a choice in the matter of becoming a guest passenger in an automobile, hence, the test as to whether the host motorist would be liable is based on the rules as to ordinary negligence (CLS 1961, § 257.401).

2. SAME—MINORS—7-YEAR-OLD GUEST PASSENGER—QUESTION FOR JURY.

Whether or not 7-year-old child had the capability of becoming a guest passenger on the basis of her age, ability, intelligence, and experience and whether she had conducted herself as a child so endowed would reasonably have been expected to do under like circumstances *held*, questions for jury in action by her against estate of host motorist driving her and his own grandchildren to school on reciprocity basis (CLS 1961, § 257.401).

Appeal from Osceola; Stephens (Rupert B.), J. Submitted January 6, 1965. (Calendar Nos. 11, 12; Docket Nos. 50,538, 50,539.) Decided April 9, 1965. Rehearing denied May 10, 1965.

Declarations by Betty Lou Burhans and Kathie Ann Burhans against Ted Witbeck, administrator of the estate of William Witbeck, deceased, for injuries sustained while riding in an automobile driven by deceased on January 29, 1962. Cases consolidated

·REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 8 Am Jur 2d, Automobiles and Highway Traffic § 483.
Infant as guest within automobile guest statutes. 16 ALR2d 1304.

for trial and appeal. Verdict and judgment for defendant. Reversed.

*Burton A. Hines,* for plaintiffs.

*Savidge & Sahlin* and *Cholette, Perkins & Buchanan* (*Edward D. Wells,* of counsel), for defendant.

DETHMERS, J. These 2 cases were consolidated for trial and appeal. Suit is for injuries sustained by the respective plaintiffs in an automobile accident. When it occurred, plaintiff Kathie Ann Burhans was 5 years of age and her sister, plaintiff Betty Lou Burhans, was 7. From jury verdict of no cause for action and judgment thereon in both cases, plaintiffs appeal.

Error is assigned on submission of the case by the court to the jury on the included theory of possible applicability of the guest passenger act (CLS 1961, § 257.401 [Stat Ann 1960 Rev § 9.2101]), with instructions that, if the jury should find that plaintiffs were guest passengers, then the test of defendant's decedent's liability would be his gross negligence or wilful and wanton misconduct rather than mere ordinary negligence. Plaintiffs say this was erroneous for the reason that children of tender years were incapable of becoming guest passengers, particularly when they were in decedent's car by reason of a driving agreement between plaintiffs' parents and the parents of decedent's grandchildren that they would take turns in driving the children to school and that decedent, the grandfather, would drive when it was his son's turn but he was unable to go.

The question presented is whether the guest act applies to plaintiffs who are children of tender years. Since trial of these cases, this Court handed down opinions in *Baker* v. *Alt,* 374 Mich 492, and in *Queen Insurance Company* v. *Hammond,* 374 Mich 655. In

the former, a majority of this Court held that a child under 7 years of age is incapable of contributory negligence. In the latter, a majority of this Court held that a child under 7 years of age is incapable of negligence and of intentional tort or crime. In both cases this writer dissented and he remains unpersuaded still, but impelled to accept the holding of the majority. That majority made the dividing line 7 years of age, apparently content, in regard to children 7 years of age or older, to leave standing the old rule that the capability of children in the above respects is a question of fact for the jury, which is to determine it on the basis of whether the child had conducted himself as a child of his age, ability, intelligence and experience would reasonably have been expected to do under like circumstances. (See Mr. Justice WIEST's opinion in *Tyler* v. *Weed*, 285 Mich 460, 490.)

We come now to the question of whether children of tender years can, as a matter of legal consequence, exercise the requisite power of choice, accept an invitation to become a guest passenger and enter into a guest relationship.

In *Kudrna* v. *Adamski*, 188 Or 396 (216 P2d 262, 16 ALR2d 1297), under a guest passenger act worded very similarly to that of Michigan, the court held the act not applicable to a 4-year-old plaintiff, saying:

"The sole question for decision is whether the plaintiff, at the time of the accident was being transported by the defendant as his 'guest', as that word is used in § 115–1001, O.C.L.A. [1940]  *  *  *

"The statute implies that in order to become a guest one must exercise a choice in the matter, and we think that a four-year-old child has not the legal capacity to exercise such a choice, just as he is incapable of negligence.  *  *  *

"In any event a four-year-old child, who enters an automobile in the custody of a parent or other custodian, does not do so of its own free will and cannot be said to have accepted an invitation to ride from the owner or operator of the car."

In *Fuller* v. *Thrun,* 109 Ind App 407 (31 NE2d 670), the court said:

"If children under seven years of age are conclusively presumed to be incapable of committing crime, and if they are conclusively presumed to be incapable of contributory negligence, it would seem that this age limit should also be adopted in determining whether or not a child of tender years can be a guest."

Considering and applying these Orgeon and Indiana cases in connection with the recent holdings of the majority of this Court in *Baker, supra,* and in *Queen Insurance Company, supra,* as we do, it follows that the instant case of plaintiff Kathie Ann Burhans, age 5, should be and is reversed and remanded for new trial on the ordinary negligence theory only, without application of the guest passenger act. The case of the 7-year-old, Betty Lou Burhans, should be and is reversed and remanded for new trial with the direction to the trial court that the jury shall determine her capability of becoming a guest passenger on the basis of her age, ability, intelligence, and experience and whether she conducted herself as a child of such age, ability, intelligence, and experience would reasonably have been expected to do under like circumstances.

Reversed. Costs to plaintiffs.

T. M. KAVANAGH, C. J., and KELLY, SOURIS, SMITH, O'HARA, and ADAMS, JJ., concurred with DETHMERS, J..

BLACK, J., concurred in result.