KELLY v. BYWATER

AUTOMOBILES—NEGLIGENCE—GUEST PASSENGER—INFANT—INSTRUC-
TIONS TO JURY.
  Refusal of trial court to instruct the jury that there is a pre-
  sumption that a child between the ages of seven and four-
  teen does not possess sufficient ability, intelligence, or ex-
  perience to become "guest" under the guest passenger stat-
  ute *held,* proper (CLS 1961, § 257.401).

Appeal from Oakland, Philip Pratt, J. Submitted
Division 2 April 8, 1969, at Lansing. (Docket No.
5,744.) Decided June 26, 1969. Application for
leave to appeal filed November 18, 1969.

Complaint by Warren Michael Kelly, Mary Jayne
Kelly, and Timothy Kelly, a minor, by his next
friend Mary Jayne Kelly, against George Bywater
for injuries to Timothy Kelly resulting from an
automobile accident. Verdict and judgment of no
cause of action. Plaintiffs appeal. Affirmed.

*Nern & Alfs,* for plaintiffs.

*Sauer & Girard,* for defendant.

Before: GILLIS, P. J., and LEVIN and BRONSON, JJ.

J. H. GILLIS, P. J. On August 12, 1956, plaintiff
Timothy Kelly, then eight and one-half years of

age, was a passenger in an automobile owned and
operated by defendant. Plaintiff was injured when
defendant's car went out of control and overturned.
Plaintiff sued to recover for the injuries sustained
and now appeals from a judgment following a jury
verdict of no cause of action.

Plaintiff initially contends that the trial court
erred in its instruction to the jury concerning wheth-
er or not plaintiff was a guest passenger within the
meaning of Michigan's guest passenger statute.*

Plaintiff requested that the following instruction
be given:

"The law presumes that a child between the ages
of 7 and 14 does not possess sufficient ability,
intelligence or experience to become a 'guest' under
the guest passenger act."

The trial court refused to give the requested in-
struction. The statement of law in plaintiff's re-
quested instruction was incorrect and the instruction
as given was proper. *Burhans* v. *Witbeck* (1965),
375 Mich 253.

Plaintiff's allegation that the trial court's charge
to the jury was confusing because it incorporated
language of a Supreme Court opinion is without
merit.

There is ample evidence to support the verdict
and the trial court's instructions as to the law ap-
plicable to the evidence presented were thorough
and fair.

Affirmed. Costs to appellee.

All concurred.

---

* CLS 1961, § 257.401 (Stat Ann 1968 Rev § 9.2101).