RAYMOND v SCHLICKER

1. NEGLIGENCE—GROSS NEGLIGENCE—WILLFUL AND WANTON MISCON-
   DUCT—TOTALITY OF CIRCUMSTANCES—INSTRUCTIONS TO JURY—
   SPECIFIC CHARGE.

   Willful and wanton misconduct as well as gross negligence is
   determined by the totality of the circumstances in a negligence
   action arising out of an automobile-motorcycle collision, and it
   was improper for the court in its instruction to limit the jury's
   consideration of willful and wanton misconduct to a specific
   charge of harassment made by the plaintiff.

2. NEGLIGENCE—INSTRUCTIONS TO JURY—DEFINITION—RECKLESS DIS-
   REGARD—EVIDENCE.

   A trial court must give a jury instruction which is requested in a
   negligence action and which provides an accurate definition of
   the language "a reckless disregard for the safety of others in
   the face of circumstances involving a high degree of danger",
   and which is justified by the evidence, where the instruction is
   not covered elsewhere.

Appeal from Iosco, Allan C. Miller, J. Submitted
Division 3 January 7, 1975, at Grand Rapids.
(Docket No. 18857.) Decided June 9, 1975.

Complaint by Patricia M. Raymond, Administra-
trix of the estate of James Albert Raymond, De-
ceased, against William Schlicker for damages for
wrongful death arising out of an automobile-mo-
torcycle collision. Judgment for defendant. Plain-
tiff appeals. Reversed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 1022, 1034.
   57 Am Jur 2d, Negligence §§ 101–105, 107.
[2] 57 Am Jur 2d, Negligence §§ 75, 76, 91, 101 et seq.

*Cicinelli, Mosserer, Majoros, Harrigan & Alexander,* for plaintiff.

*Richard C. Learman,* for defendant.

Before: V. J. Brennan, P. J., and J. H. Gillis and D. E. Holbrook, Jr., JJ.

D. E. Holbrook, Jr., J. This appeal involves a wrongful death action brought by a mother, as administratrix of her son's estate, against the driver of an automobile which collided with her son's motorcycle. The jury returned a verdict of no cause of action. Plaintiff appeals as of right.

On July 16, 1969, James Raymond, his brother, and a friend were camping out at Lumberman's Monument campgrounds in Iosco County. During the evening James decided he would like some soda pop. Since the nearest store was closed he departed for the Whispering Pines Bar, accompanied by his brother and friend. James drove his own motorcycle. His brother was a passenger on the friend's motorcycle.

The road leading to the Whispering Pines Bar, Monument Road, was a two-lane blacktop or macadam road, about 18 feet wide, fairly straight and level, with slight dips in it, and running in a generally north and south direction. There was a faint centerline painted on the road.

As the three boys proceeded south on Monument Road, James was driving his cycle on the left side of the southbound lane. His friend, with his brother as a passenger, drove on the right side of the southbound lane. James was driving slightly ahead of his friend.

While turning left into the entrance of the Whispering Pines Bar James was struck, in the northbound lane, and killed by defendant's vehicle.

While plaintiff raises five issues for our determination, we discuss but one, which is dispositive.

Plaintiff claims that the trial court committed reversible error by instructing the jury on the subject of "willful and wanton misconduct", and by limiting the jury's consideration of such issue to defendant's alleged "harassing conduct" against plaintiff's decedent.

Upon conclusion of trial, the trial judge over objection by plaintiff's counsel, instructed the jury as follows:

"Plaintiff charges the defendant with willful and wanton misconduct. The term 'willful and wanton misconduct' means more than the failure to use ordinary care. It means conduct which shows actual or deliberate intention to harm, or a reckless disregard for the safety of others in the face of circumstances involving a high degree of danger. Even if you decide that the decedent was contributorily negligent, that will not defeat plaintiff's claim for damages, if you also decide that the defendant's conduct was willful and wanton, because contributory negligence is no defense where there is willful and wanton misconduct by the defendant. *This pertains to the phase of the case where there's a charge about harassment.*

*"If you find that defendant engaged in the conduct of harassment by pulling up and drawing back repeatedly, and two, if you find that this conduct created a perilous situation likely to prove disastrous to another, and three, if you find that this was a proximate cause of the accident, then contributory negligence of the cyclist, if any, is not a defense, and if you have found the above three items have been established by a preponderance of the evidence, then liability has been shown, and you should proceed to the issue of damages."* (Emphasis supplied.)

This instruction, in effect, constituted SJI 14.02 with the emphasized portion tacked on. Further, it

is apparent that the trial court did in fact limit the jury's consideration, on the issue of "willful and wanton misconduct", to "harassment" only.

While the evidence upon trial was conflicting, viewed in the light most favorable to plaintiff, it was sufficient for a jury determination that defendant: (1) had the deceased under constant observation for some period of time prior to the accident; (2) had been following in close proximity to the deceased prior to the accident; (3) was operating his vehicle at an excessive rate of speed at the time of the accident; (4) was operating his vehicle with defective brakes; (5) improperly overtook and attempted to pass the deceased; (6) failed to sound a warning signal prior to his attempting to pass the deceased; (7) operated his vehicle after he had been drinking; (8) operated his vehicle while under the influence of intoxicating liquor; (9) harassed the deceased by repeatedly pulling up to within a few feet of deceased and then dropping back; and (10) that the deceased was already in the process of making his turn when the defendant accelerated to pass.

Upon all or some of the circumstances, enumerated above, the jury could well have found "willful and wanton misconduct" on the part of the defendant.

Plaintiff claims that in considering the issue of "willful and wanton misconduct" the jury should have been permitted to consider the totality of the circumstances, not just plaintiff's charge of harassment. We agree.

Since the issue of "gross negligence" is to be determined by the totality of the circumstances, *Kieft v Barr,* 391 Mich 77; 214 NW2d 838 (1974), *Tien v Barkel,* 351 Mich 276; 88 NW2d 552 (1958), and *Washington v Jones,* 386 Mich 466; 192 NW2d

234 (1971), we hold that the issue of "willful and wanton misconduct" should be similarly determined. Hence, we conclude that the trial court erred by restricting the jury's consideration of "willful and wanton misconduct" to the extent it did.

Plaintiff further claims that the trial court's instruction on "willful and wanton misconduct" was improper as phrased and given in that it failed to adequately define the phrase "reckless disregard for the safety of others in the face of circumstances involving a high degree of danger". Additionally, plaintiff contends that the following instruction, requested by the plaintiff and denied by the trial court, would have provided the jury with an adequate definition. Plaintiff's request to charge was as follows:

"Plaintiff has claimed that defendant was grossly negligent.

"Members of the jury, I instruct you that under the law of Michigan, 'gross negligence' is defined as follows:

" '1. Knowledge of a situation requiring the exercise of ordinary care and diligence to avoid injury to another.

" '2. Ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand.

" '3. The omission to use such care and diligence to avert the threatened danger when to the ordinary mind it must be apparent that the result is likely to prove disasterous to another.'

"Even if you decide that James Raymond was contributorily negligent, that will not defeat plaintiff's claim for damages, if you also find that defendant was grossly negligent and that such gross negligence was a proximate cause of the accident. Contributory negligence is no defense when there is gross negligence by the defendant. *(McLone v Bean,* 263 Mich 113, 115 [248 NW 566 (1933)]; *Tien v Barkel,* 351 Mich 276, 281 [88 NW2d

552 (1958)]; *Gibbard v Cursan,* 225 Mich 311, 322 [196 NW 398 (1923)]."

While the above cited cases do not so define "gross negligence" they do define "wanton and willful misconduct" and that form of "willful and wanton misconduct" described in SJI 14.02 as "a reckless disregard for the safety of others in the face of circumstances involving a high degree of danger".

It is of little difference that plaintiff labeled her proposed instruction as being one on "gross negligence", since the cases of *McLone v Bean, supra, Tien v Barkel, supra,* and *Gibbard v Cursan, supra,* make it abundantly clear that if the three criteria embraced in plaintiff's request to charge are proven then contributory negligence on the part of the plaintiff will not bar recovery. While it may have been necessary for the trial judge to have substituted the words "a reckless disregard for the safety of others in the face of circumstances involving a high degree of danger" for the words "gross negligence", plaintiff's requested instruction accurately sets forth one set of circumstances under which contributory negligence is no defense.

Taking the evidence and viewing it in the light most favorable to the plaintiff, as specifically enumerated above, the jury could justifiably find the three criteria to exist in this case. Since the requested instruction accurately sets forth the law as to when contributory negligence is no defense and further because the contents of such requested instruction were not covered elsewhere in the court's instructions to the jury, it was error for the court to refuse it, if for no other reason than to clarify and define what is meant by that form of "willful and wanton misconduct" described in SJI

14.02 as "a reckless disregard for the safety of others in the face of circumstances involving a high degree of danger".

Lest we be misunderstood, we wish to make it clear that we do not find SJI 14.02 itself to be deficient. What we hold is that when an instruction is requested which provides an accurate definition of the language, "a reckless disregard for the safety of others in the face of circumstances involving a high degree of danger", and is justified by the evidence and is not covered elsewhere in the court's instructions such instruction must be given.

Resolution of the foregoing being dispositive, it is unnecessary to discuss appellant's remaining assignments of error except to say that on remand the issues of (1) what a reconstruction expert witness can properly testify to, and (2) when an instruction on sudden emergency should be given, will in all probability arise.

With respect to the issue of testimony of a reconstruction expert, the trial court's attention is invited to *O'Dowd v Linehan,* 385 Mich 491; 189 NW2d 333 (1971). Regarding the issue of when an instruction on sudden emergency is necessary, we would point out the cases of *LaBumbard v Plouff,* 56 Mich App 495, 496–497; 224 NW2d 118, 119 (1974), and *VanderLaan v Miedema,* 385 Mich 226, 232; 188 NW2d 564, 567 (1971).

Reversed and remanded for a new trial. Costs to appellant.