SERRA v DeMAESTRI

1. WITNESSES—EVIDENCE—PRIOR INCONSISTENT STATEMENTS—IM-
   PEACHMENT.
   Prior inconsistent statements of a witness, who is also a party to
   the action, may be used both for impeachment purposes and as
   substantive evidence.

2. WITNESSES—PRIOR INCONSISTENT STATEMENTS—SUBSTANTIVE EVI-
   DENCE—INSTRUCTIONS TO JURY.
   Failure of a trial judge to instruct the jury that prior inconsistent
   statements of a party may be used as substantive evidence is
   reversible error where a proper instruction was requested (SJI
   3.01[A]).

3. .NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—WILFUL AND WANTON
   MISCONDUCT.
   Contributory negligence is not a defense to an action based on
   wilful and wanton misconduct.

4. NEGLIGENCE—WILFUL AND WANTON MISCONDUCT—ELEMENTS.
   Wilful and wanton misconduct is a negligence concept and in-
   cludes the following elements: (1) knowledge of a situation
   requiring the exercise of ordinary care and diligence to avert
   injury to another; (2) ability to avoid the resulting harm by
   ordinary care and diligence in the use of the means at hand;
   and (3) the omission to use such care and diligence to avert the
   threatened danger, when to the ordinary mind it must be
   apparent that the result is likely to prove disastrous to an-
   other.

5. TORTS—INTENTIONAL TORTS—NEGLIGENCE—INFANTS—MINORS—
   SEVEN-YEAR-OLDS.
   Minors who are seven years of age or older are liable for inten-
   tional torts as well as for their ordinary negligence.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 58 Am Jur, Witnesses § 821 *et seq.*
[3, 4] 57 Am Jur 2d, Negligence §§ 305, 312, 314, 315.
[5] 42 Am Jur 2d, Infants § 140 *et seq.*

6. Trial—Instructions to Jury—Minors—Wilful Misconduct—
   Standard of Care.

   Instructions to the jury, in a case involving wilful misconduct of a
   minor, must set out the standard of care of a child of like age,
   intelligence and experience acting under similar circumstances.

Appeal from Cheboygan, Joseph P. Swallow, J. Submitted November 4, 1975, at Grand Rapids. (Docket No. 21747.) Decided December 8, 1975.

Complaint by Marilyn Serra, individually and as next friend for Michael Serra, against Joe De-Maestri for negligence and wilful misconduct in the use of an air rifle, and against Marge De-Maestri for negligent entrustment. Judgment for defendants. Plaintiff appeals. Reversed and remanded.

*Jerry L. Sumpter,* for plaintiff.

*Collison & Fordney, P. C.* (by *John A. Chasnis),* for defendant.

Before: T. M. Burns, P. J., and V. J. Brennan and M. F. Cavanagh, JJ.

T. M. Burns, P. J. Plaintiffs brought suit in the court below against defendant Joe DeMaestri for negligence and wilful misconduct and against Marge DeMaestri for negligent entrustment. A verdict of no cause of action was rendered by the jury.

Plaintiff Michael Serra sustained injury to an eye when defendant Joe DeMaestri, using an air rifle purchased by his mother, shot at a live shotgun shell causing it to explode. Defendants alleged that plaintiff had been contributorily negligent.

Plaintiffs raise several issues, only two of which

warrant discussion, both relating to jury instructions.

At trial, plaintiffs requested that the jury be given the standard jury instructions relating to impeachment of a witness and a party by prior inconsistent statements [SJI §§ 3.01 and 3.01(A)].

SJI § 3.01 reads as follows:

"In deciding whether you should believe a witness, you may consider the fact that at some earlier time he (said) (did) something that does not agree with what he testified to here on an important point. What he said earlier may be considered only in deciding whether you should believe him and may not be considered as proof of the facts in his earlier statement."

SJI § 3.01(A) differs from the above only in the last sentence: "Because he is a party, what he (said) (did) earlier may be considered not only in deciding whether you should believe him, but also may be considered as evidence of the facts in this case."

The difference between these instructions is obvious and substantial. When a *party* is claimed to have made inconsistent statements, his prior statements may be used as substantive evidence, not merely for impeachment purposes. Plaintiffs requested the latter instruction because of inconsistent statements made by Mrs. DeMaestri concerning her knowledge of her son's use of the gun, which was a principal issue in the suit. The trial judge, however, gave the following instruction:

"Now in deciding whether you should believe a witness or party in this lawsuit, you may consider the fact that at some earlier time he said or did something that does not agree with what he testified to here on an important point. What he said earlier may be considered only in deciding whether you should believe him

and may not be considered as proof of the facts in his earlier statement."

As to Mrs. DeMaestri, this instruction was clearly erroneous. She was a party to the suit and her prior inconsistent statements could have been considered as proof of the facts. There were several inconsistent statements made by the party concerning very significant facts in the suit. The jury should have been instructed that those statements could be used as evidence. SJI § 3.01(A) was not given even though requested by the plaintiffs. This was reversible error. *Javis v Ypsilanti Board of Education,* 393 Mich 689; 227 NW2d 543 (1975).

Plaintiffs also assert that the trial court was in error in refusing to instruct the jury that wilful misconduct altered the standard of care required of a minor.

In the complaint, plaintiffs alleged that defendant Joe DeMaestri, then 12 years of age, was wilful and negligent in shooting at a live bullet and injuring plaintiff. In the answer, defendants alleged that plaintiff was contributorily negligent. Plaintiffs therefore sought to have the jury instructed on wilful and wanton misconduct, to which contributory negligence is not a defense. The trial judge refused to give the proposed instruction on wilful and wanton misconduct as he found no evidence of intent on the part of defendant Joe DeMaestri to injure plaintiff.

The refusal to give the instruction was clearly erroneous. There was more than sufficient evidence presented at trial for the jury to justifiably find that defendant was guilty of wilful and wanton misconduct, and this charge was not covered anywhere in the instructions. Without the instruction, the jury may well have concluded that defendant

was negligent but that plaintiffs' action was barred by plaintiff Michael Serra's contributory negligence. The instruction desired by plaintiffs accurately stated the law and should have been given. See *Raymond v Schlicker,* 61 Mich App 607; 233 NW2d 106 (1975).

There appears to have been some misunderstanding in the court below concerning the possibility of charging a minor with wilful and wanton misconduct. Such a charge is proper where it is warranted by the facts, such as in the case at bar.

Wilful and wanton misconduct is a negligence concept. It was defined in *Titus v Lonergan,* 322 Mich 112, 119; 33 NW2d 685, 688 (1948), as including the following elements:

" ' "(1) Knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another; (2) ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand; (3) the omission to use such care and diligence to avert the threatened danger, when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another." ' "

Prosser defines this concept as "an aggravated form of negligence, differing in quality rather than in degree from ordinary lack of care". Prosser, Torts (4th ed), § 34, p 184. The term "wilful" implies intention, but wilful misconduct lies somewhere between intentional conduct and ordinary negligence. Minors seven years of age or older are liable for intentional torts as well as for their ordinary negligence. *Burhans v Witbeck,* 375 Mich 253; 134 NW2d 225 (1965), *Queen Insurance Co v Hammond,* 374 Mich 655; 132 NW2d 792 (1965). There is no logical reason for exempting them from liability for wilful misconduct. In instructing

the jury on wilful misconduct in a case involving a minor, it would be necessary to set out the standard of care of a child (a child of like age, intelligence and experience acting under similar circumstances), but this would not reduce the required degree of culpability to that required for a finding of ordinary negligence.

Reversed and remanded. Costs to plaintiffs.