## VANDER LAAN v. MIEDEMA

1. AUTOMOBILES—NEGLIGENCE—SUDDEN EMERGENCY—REASONABLE MAN.
   The doctrine of sudden emergency in automobile negligence is a logical extension of the reasonably prudent person rule and is not an affirmative defense.

2. AUTOMOBILES—NEGLIGENCE—SUDDEN EMERGENCY.
   The test to be applied in using the doctrine of sudden emergency is what the hypothetical, reasonably prudent person would have done under all the circumstances of the accident, whatever they were.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 359, 360.
[3, 4, 6, 7] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 770, 771, 1030.
[5, 8] 8 Am Jur 2d, Automobiles and Highway Traffic § 773 *et seq.*

3. Automobiles — Negligence — Sudden Emergency — Assured-Clear-Distance — Rear-End Collision — Instructions to Jury.

  The party invoking the doctrine of sudden emergency to excuse liability for violation of the assured-clear-distance and rear-end collision statutes is entitled to a proper instruction if there is any evidence indicating that an emergency, within the meaning of the doctrine, existed but if such evidence is absent, it is error to instruct the jury that the party invoking the doctrine is not liable if they find that he acted reasonably during the emergency.

4. Automobiles—Negligence—Sudden Emergency—Question of Law—Instructions to Jury.

  The court has authority to determine whether a condition said to constitute a sudden emergency was indeed a sudden emergency within the meaning of the doctrine, and to instruct or refuse to instruct the jury on the doctrine accordingly.

5. Automobiles — Negligence — Assured-Clear-Distance — Rear-End Collision — Sudden Emergency.

  Violation of the assured-clear-distance statute is negligence *per se*, while violation of the rear-end collision statute is *prima facie* negligence, but liability in either case may be excused if an extraordinary condition is presented and the motorist exercised the care of a reasonable man under the condition (MCLA §§ 257.402, 257.627).

6. Automobiles—Negligence—Sudden Emergency.

  The condition which excuses a motorist from liability for violation of the assured-clear-distance or rear-end collision statutes must be an *extraordinary* condition in which he has acted reasonably, because if the condition was ordinary and he should have expected it, he has acted unreasonably in not anticipating the condition (MCLA §§ 257.402, 257.627).

7. Automobiles—Negligence—Rear View Mirror—Sudden Emergency.

  Looking in the rearview mirror of an automobile is simply not an unexpected or extraordinary condition and is not a sudden emergency that would excuse violation of the assured-clear-distance and rear-end collision statutes (MCLA §§ 257.402, 257.627).

8. Automobiles — Negligence — Assured-Clear-Distance — Statutes.

  The assured-clear-distance statute requires that a motorist maintain his vehicle a safe distance behind another vehicle so as

to allow him, traveling a street free of heavy traffic, to look through a rearview mirror for one second without colliding with the rear of an automobile that suddenly stops or slows, because keeping a safe distance is a concomitant of the need for frequent rear-view observation (MCLA § 257.627).

Appeal from Kent, John T. Letts, J. Submitted Division 3 January 9, 1970, at Grand Rapids. (Docket No. 6,731.) Decided February 25, 1970. Leave to appeal granted September 22, 1970. 384 Mich 753.

Complaint by Robert Vander Laan and Dorothy Vander Laan against Ronald Miedema and Stephen Jay Karsten to recover damages for injuries sustained in an automobile accident. Judgment for defendant. Plaintiff appeals. Reversed and remanded.

*Mohney, Noris, Goodrich, Titta & Carpenter,* for plaintiffs.

*Cholette, Perkins & Buchanan (Edward D. Wells,* of counsel), for defendants.

Before: V. J. BRENNAN, P. J., and R. B. BURNS and T. M. BURNS, JJ.

V. J. BRENNAN, P. J. This is an action to recover damages for injuries sustained by plaintiff Dorothy Vander Laan on June 24, 1965, when a truck driven by defendant Karsten and owned by defendant Miedema struck her automobile in the rear. The jury returned a verdict of no cause of action, and the trial court denied plaintiffs' motions for a new trial and a judgment notwithstanding the verdict. The plaintiffs appeal.

From the evidence most favorable to the defend-
ants,[1] it appears that Dorothy Vander Laan was driv-
ing along Aberdeen street in Grand Rapids when a
truck in front of her slowed to five or so mph to shift
gears before attempting an incline in the road. She
followed suit, slowing to five mph a car-length or
two behind. Just as she slowed, a truck two or three
car-lengths behind her, the one driven by defendant
Karsten, went over a dip or bump in the road.
Jolted, Karsten turned his head to the side for one
second to look through the outside rearview mirror
and see whether he had lost his load of lumber.
Finding the plaintiff's automobile moving at five
mph and only 15 to 20 feet away when he turned back,
he applied the brakes and swerved, but not in time to
avoid a collision. Karsten testified that before the
jolt he had been moving at 25 or so mph and that he
did not see the plaintiff slow until after he looked
ahead again, when, according to him, her brake
lights first flashed. The investigating officer ticketed
Karsten for violating the assured-clear-distance
statute.[2]

After the close of proofs, the trial judge recited
the assured-clear-distance statute and informed the
jury that a motorist is *prima facie* guilty of negli-
gence by statute[3] if he strikes the rear end of an au-
tomobile moving in the same direction. He then
added, at the defendants' request and over the plain-
tiffs' objection:

"However, if you find that the defendant was con-
fronted with a sudden emergency, not of his own
making, and if you find that he used ordinary care
and was still unable to avoid the violation because

---

[1] *McKinney* v. *Anderson* (1964), 373 Mich 414, 419; *Patzer* v.
*Bowerman-Halifax Funeral Home* (1963), 370 Mich 350, 354; *Bud-
man* v. *Skore* (1961), 363 Mich 458, 462.
[2] MCLA § 257.627 (Stat Ann 1968 Rev § 9.2327).
[3] MCLA § 257.402 (Stat Ann 1968 Rev § 9.2102).

of such emergency, then, of course, his violation is excused. If you find that the defendant violated this statute and that the violation was not excused, then you must decide whether such negligence was a proximate cause of the occurrence * * * .

"If you find that the defendant violated this statute before or at the time of the occurrence, then the law presumes that he was negligent. However, if you find that the defendant was confronted with a sudden emergency not of his own making, and if you find that he used ordinary care and was still unable to avoid the occurrence because of such emergency, then the presumption is overcome. In deciding whether the presumption is overcome, you must weigh the presumption with all the evidence of the claim of sudden emergency, and if after so weighed you are unable to decide that the presumption has been overcome, then you must find that the defendant was negligent. And if you find that the defendant was negligent, you must then decide whether such negligence was a proximate cause of of the occurrence."

The plaintiffs contend that the instruction should not have been given because 1) "sudden emergency" is an affirmative defense that is waived unless pleaded, GCR 1963, 111.3 and GCR 1963, 111.7, and defendants did not plead it, and 2) the instruction is not supported by the evidence. In opposition the defendants disagree that "sudden emergency" is an affirmative defense, contend that the instruction is supported by the evidence, and point to the jolt and Karsten's looking through the rearview mirror as the emergency.

The doctrine of sudden emergency is a "logical extension of the 'reasonably prudent person' rule," and as such is not an affirmative defense. *Baker* v. *Alt* (1965), 374 Mich 492, 496. As it was said in *Baker*, at p 496, the "test to be applied is what that hypothetical, reasonably prudent person would have

done under all the circumstances of the accident, whatever they were." Expression of the doctrine in its classic form is found in *Walker* v. *Rebeuhr* (1931), 255 Mich 204, 206 and *Paton* v. *Stealy* (1935), 272 Mich 57, 62:

"One who suddenly finds himself in a place of danger, and is required to act without time to consider the best means that may be adopted to avoid the impending danger, is not guilty of negligence if he fails to adopt what subsequently and upon reflection may appear to have been a better method, unless the emergency in which he finds himself is brought about by his own negligence." (Quoted from Huddy on Automobiles [8th ed], p 359.)

See, also, *Myler* v. *Bentley* (1924), 226 Mich 384, 386; *Craddock* v. *Torrence Oil Company* (1948), 322 Mich 510; *Loucks* v. *Fox* (1933), 261 Mich 338; and the jury instruction approved in *Rossien* v. *Berry* (1943), 305 Mich 693, 703. In later cases, some of which are cited below, the doctrine has been applied to avoid the harshness sometimes created by the assured-clear-distance and rear-end collision statutes. Under either application of the doctrine, the party invoking it is entitled to a proper instruction if there is any evidence indicating that an emergency within the meaning of the doctrine existed. *McKinney* v. *Anderson* (1964), 373 Mich 414, 420. If, on the other hand, such evidence is absent, it is error to instruct the jury that the party invoking the doctrine is not liable if they find that he acted reasonably during an emergency. See *Baker* v. *Alt, supra,* p 497. Implicit in these propositions is the authority of both the trial and appellate court to determine whether the condition said to constitute an emergency is indeed an emergency within the meaning of the doctrine. And, again, if the court determines that it is not, no instruction

should be given. Before turning to this question as it is presented here, we note that the instant case does not involve the doctrine in its classic form— that is, beset by a dilemma not of his own making, the motorist reasonably chooses under duress an alternative less fortunate than another—but rather the doctrine as it is used to define conditions that excuse a motorist from liability under the assured-clear-distance and rear-end collision statutes, thereby avoiding the harshness their application would otherwise create.

Violation of the assured-clear-distance statute is negligence *per se,* while violation of the rear-end collision statute is *prima facie* negligence. *McKinney* v. *Anderson, supra,* p 419. Whatever the practical differences attaching from this difference in labels, neither of these closely related statutes creates a liability that is indefeasible. As it has been said before, the motorist who collides with the rear of another automobile is not an insurer. *Sun Oil Co.* v. *Seamon* (1957), 349 Mich 387, 412. If an extraordinary condition is presented, and the motorist exercised the care of a reasonable man under the condition, he is excused from liability. *Patzer* v. *Bowerman-Halifax Funeral Home* (1963), 370 Mich 350; *Hackley Union National Bank & Trust Company* v. *Warren Radio Company* (1966), 5 Mich App 64. Thus, in *Hendershot* v. *Kelly* (1968), 11 Mich App 173, this Court approved the denial of a rear-end collision victim's motion for a directed verdict as to the defendant's liability under these statutes where the evidence showed that a third automobile, positioned between plaintiff's and defendants' in the same lane, suddenly swerved to the left, revealing to the defendant motorist plaintiff's automobile parked in the middle of the lane. The

defendant had no inkling that plaintiff's automobile was parked, or that it was even there.[4]

However, not every difficulty that a motorist might face is a condition that will excuse him from liability if he has acted reasonably. The condition must be extraordinary. If it is ordinary, and he should expect it, then the motorist has acted unreasonably and contrary to the requirements of the statutes in not anticipating the condition. In *Van den Heuval* v. *Plews* (1939), 291 Mich 670, a case tried without a jury, the defendant truckdriver was held liable for striking plaintiff's automobile when, in an attempt to avoid a collision with an oncoming automobile about to turn left, he found that he could not slow his truck. The Supreme Court rejected his claim of emergency, saying, at p 672:

"[H]aving passed over this crossing weekly for approximately three years, he was bound to know that approaching cars might make left-hand turns in the intersection and was required by law to have his truck under such control that he could avoid a collision with objects in plain view. The proximate cause of the accident was Plews' negligence."

Unquestionably, it is reasonable for the driver of a truck suddenly jolted by a bump in the road to look momentarily through the rearview mirror to make sure he has not lost his load. The jury thought so in the present case, if their verdict is any indication. Thus Karsten acted reasonably under the conditions, and should be excused from liability if the condition he faced is one that would excuse him

---

[4] Similarly, in *Humphrey* v. *Swan* (1968), 14 Mich App 683, we said that the jury could have found a sudden emergency to exist where, according to the defendant, the plaintiff started up from a traffic light, accelerating to three or so mph, and then for no reason apparent to the defendant suddenly stopped. The plaintiff denied starting up at all and therefore did not give a reason for a sudden and allegedly unwarranted stop.

from liability under the statutes. But the looking through a rearview mirror for one second, for whatever reason, is not a condition that excuses. The assured-clear-distance statute requires that a motorist remain "an assured clear distance behind." This means, we think, a distance that allows a motorist travelling a street free of heavy traffic to look through the rearview mirror for one second without colliding with the rear of an automobile that suddenly stops or slows. This construction is dictated by everyday experience, since everyday experience teaches the need for frequent rearview observation, and keeping a safe distance is but a concomitant of that need. Or, in the words used above, looking through the rearview mirror is simply not an unexpected or extraordinary condition that a motorist might face. Since it is not such a condition, we hold that the defendant Karsten was not presented with a "sudden emergency" that would excuse violation of the assured-clear-distance and rear-end collision statutes. The instruction should not have been given.

Since Karsten admits colliding with plaintiff's automobile, and the reason offered for his failure to stop in time is not one that would excuse him from liability, trial on remand shall be limited to the issue of damages. *Conroy* v. *Harrison* (1962), 368 Mich 310.

Reversed and remanded.

All concurred.