**Henry KENNEDY, Sr. and Lou Kennedy, Plaintiffs-Appellees,**

v.

**DELAWARE LEASING AND RENTAL CORPORATION, Brada-Miller Freight System, Inc. and Clifford E. Hanning, Defendants-Appellants.**

No. 20534.

United States Court of Appeals, Sixth Circuit.

April 26, 1971.

William J. McBrearty, Detroit, Mich., for defendants-appellants.

Albert M. Colman, Southfield, Mich., for plaintiffs-appellees. Colman, Goodman & Shifman, P. C., Southfield, Mich., on brief.

Before PHILLIPS, Chief Judge, and PECK and McCREE, Circuit Judges.

JOHN W. PECK, Circuit Judge.

This is an appeal from judgments entered on jury verdicts in favor of the

1. We decline the invitation of National Screen to broaden the scope of the issue on appeal.

plaintiffs-appellees, husband and wife, in their diversity action for personal injuries and for loss of services and consortium, respectively, resulting from a truck-automobile accident. The defendants-appellants, Clifford E. Hanning, Delaware Leasing and Rental Corporation, and Brada Miller Freight System, Inc., were the owner of the tractor, the owner of the trailer, and the lessee-operator of the equipment, respectively.

The accident occurred around 6 a. m., on a dark, misty morning on January 8, 1965, in the outermost lane of a multilane boulevard in suburban Detroit, Michigan. Plaintiff (hereinafter the parties will be referred to as they were in the District Court and the term "plaintiff" will refer to the husband, Henry Kennedy, Sr., unless otherwise stated) testified that he was driving at approximately 35 miles per hour, about two and a half car lengths behind the car in front of him. That car, he stated, suddenly swerved to the left, disclosing to him for the first time defendants' truck parked in his lane some forty feet distant. He further testified that because of the traffic in the lanes to his left, he could not similarly change lanes to avoid the truck. As a result, his car struck the rear of the parked truck, causing the plaintiff to suffer, among other things, multiple fractures of both ankles and abdominal injuries.

Defendants' driver had stopped to consult a roadmap. It was factually disputed at trial whether his truck was completely or only partially blocking the outermost lane of the highway. Plaintiff testified that the truck was completely obstructing his lane of traffic; defendants' driver testified that he pulled at least partially off the highway when he stopped, and that he left all of the truck lights burning.

Plaintiff's theory of recovery was that the defendants' driver was negligent in parking his truck so as to block or partially block one of the driving lanes of a multi-lane highway. The defendants asserted contributory negligence on plaintiff's part, and placed particular reliance on Michigan statutes creating a rebuttable presumption of negligence on the part of the driver of a vehicle which strikes the rear of another vehicle travelling in the same direction (Mich.Comp. Laws Ann. 257.402) and governing the following of another vehicle (Mich.Comp. Laws Ann. 257.643), as well as the Michigan assured clear distance statute (Mich. Comp.Laws Ann. 257.627(a)). In response to the assertion of contributory negligence, the plaintiff's theory of recovery incorporated the "sudden emergency" doctrine. In light of all the surrounding circumstances, the time of day, the lighting, weather and traffic conditions, plaintiff contended that he was unable to see the defendants' truck until it was approximately forty feet in front of him, at which time he was confronted with a sudden emergency which required only the conduct of a reasonably prudent man under similar circumstances.

As indicated, the case was submitted to the jury on instructions substantially incorporating the parties' various theories, and the jury returned a verdict in favor of the plaintiff, Henry Kennedy, Sr., for $50,000, and in favor of his wife, Lou Kennedy, for $10,000.

Many issues are raised on appeal, but only two require discussion. The first is whether the District Court should have granted the defendants' timely motions for a directed verdict. Here, as in the District Court, the defendants rely primarily on the proposition that the plaintiff was contributorily negligent as a matter of law for failing to have his automobile under such control as to be able to stop after the truck came into his vision. Defendants' corollary argument is that the presence of the parked truck, whether fully or partially in the travelled portion of the roadway, did not, as a matter of law, constitute a "sudden emergency" situation which would excuse the plaintiff's presumptive negligence.

We conclude that under the circumstances of this case, the issues of negligence on the defendants' part, and contributory negligence on the plaintiff's part, were questions of fact for the jury.

In a procedurally similar "rear-end" collision case (i. e., where the plaintiff struck the rear of the defendant's vehicle), the Michigan Supreme Court held that where there was conflicting evidence on the question of whether the defendant's vehicle was discernible to one approaching it from the rear, the question of contributory negligence was one of fact for the jury. Nass v. Mossner, 363 Mich. 128, 108 N.W.2d 881 (1961). Furthermore, it is clear that under the Michigan decisions, the question of "sudden emergency" is simply an extension of the reasonably prudent man rule, the test being the factual one of what a reasonably prudent man would have done under all of the circumstances. Baker v. Alt, 374 Mich. 492, 496, 132 N.W.2d 614, 616 (1965); VanderLaan v. Miedema, 22 Mich.App. 170, 174–175, 177 N.W.2d 457, 459 (1970). Here, almost every fact bearing on the question of the discernability of the defendants' truck, including the lighting, weather and traffic conditions, was in dispute. We conclude that the District Court committed no error in submitting the case to the jury.

■ The only other significant issue is whether the District Court committed prejudicial error in permitting a police officer who investigated the accident to testify that parking on the highway was illegal at the accident location. This opinion testimony, for which no foundation was offered, was clearly inadmissible. The witness, even though a police officer of the city in which the accident occurred, had demonstrated no expert qualifications which would permit him to testify as to the applicable city ordinance or state statute. However, we do not view this one answer so crucial to the entire case as to require reversal and a new trial. This was not a case where the principal problem was assigning the proper legal consequences to virtually undisputed facts. Rather, as indicated above, almost every factual question concerning the ultimate issue of liability was in dispute, but, as also indicated above, the principal questions at trial involved the assertions of contributory negligence. Upon review of the entire record, we cannot say that the one statement deprived the parties of "substantial justice." Rule 61, F.R.Civ.P.

The judgment of the District Court is affirmed.