THOMAS N. MCINTOSH v. EDWARD MCINTOSH.

*Plea in abatement—Partnership—Set-off—Exclusion of witnesses from court-room—Remarks of counsel to jury.*

1. A plea in abatement averring that the parties were copartners at the time the cause of action counted upon arose, but which fails to aver that it grew out of partnership accounts, is too uncertain to stand as a good plea.

2. Where plaintiff's claim, as sworn to by him, is in dispute, except as to certain enumerated items, and the defendant claims certain items as set-off, it is error for the court to direct a verdict in favor of the plaintiff.

3. The question of the preponderance of evidence is for the jury.

4. It is a matter generally within the discretion of the court to exclude witnesses; but, when such discretion is exercised, it should not be in a manner prejudicial to either side of the controversy, and all witnesses should be excluded who are to be called to a given point, whether for the plaintiff or defendant; but a party to the suit cannot be so excluded.

Error to Wayne. (Brevoort, J.) Argued January 8, 1890. Decided January 17, 1890.

*Assumpsit.* Defendant brings error. Reversed. The facts are stated in the opinion.

*F. H. Chambers (John W. A. S. Cullen,* of counsel), for appellant.

*Samuel W. Burroughs,* for plaintiff.

LONG, J. This action was commenced in the Wayne circuit court by filing a declaration on the common counts in *assumpsit.* Under the money counts, claim was made upon a note of $100. The balance of the claim, amounting to about $1,700, was made up of a claim for money loaned, and for services, the items of which were set out

in a bill of particulars. Defendant pleaded the general issue, with notice of set-off, and also a claim, under the notice, that the plaintiff and defendant were copartners in business, etc. Defendant also, at the time of filing the plea of the general issue, filed a plea in abatement, as follows:

" And the said Edward McIntosh, defendant in this suit, by F. H. Chambers, his attorney, comes and defends the wrong and injury, when, etc., and says that the said plaintiff ought not to have or maintain his aforesaid action against him, because he says that the said plaintiff and he (the said defendant) were copartners in trade, doing business as butchers and market men at Bellville, in the county of Wayne, Mich., at the time the cause of action alleged in the plaintiff's declaration in this cause arose, and this he is ready to verify," etc.

The cause came on for trial, and the court overruled the defendant's plea in abatement, and directed the cause to proceed to trial on the issue joined under the plea of the general issue, and notice thereunder, when plaintiff had verdict and judgment.[1]

The first four assignments of error relate to the question of the court overruling the plea in abatement. While the court did not very definitely give its reasons for the overruling of this plea, yet there was no error committed. It was too uncertain to stand as a good plea. It does not allege that the cause of action grew out of partnership accounts, and the mere fact that the parties to the action were copartners in trade at the time the cause of action arose would not prevent the bringing of an action at law upon an account which presumably stood outside their partnership affairs. But the issue which was attempted to be made could as well be tried under the plea of the general issue and notice; and this defense was admitted by the trial court.

---

[1] See circuit court rule 102.

Defendant's counsel group the other assignments of error under five general heads, as follows: That the defendant did not have a fair trial, because the jury were prejudiced:

" 1. By the opening address of plaintiff's counsel, wherein he recounted, amongst other things, an alleged assault upon plaintiff by a son of defendant, and not in defendant's presence.

" 2. By subsequent remarks of plaintiff's counsel in presence of the jury in reference to this alleged assault, and in comments on the defendant when asking for the exclusion of the defendant and his witnesses from the court-room.

" 3. By the exclusion of defendant and his witnesses from the court-room, to their prejudice with the jury in reference to their credibility.

" 4. To the ignoring by the court and jury of the preponderance of evidence of defendant and his son as to the copartnership, as against the testimony of the plaintiff alone.

" 5. The peculiar and misleading charge of the court in reference to the case, and especially to that portion of the charge where the court charged the jury ·to bring in a verdict for a certain fixed amount, provided they found that there was no copartnership; thus entirely overlooking the fact that many items constituting said amount were not conceded, and were even testified against by defendant and his son."

We shall discuss these propositions in their inverse order.

The theory of the plaintiff on the trial was that he had paid out certain moneys for the defendant from time to time, commencing in November, 1884, and continuing to October, 1886; that during this time he had also loaned the defendant money to carry on his business, —that of a butcher,—and that he had also paid and taken up certain notes against the defendant at his request. Plaintiff also claimed to have performed services for the defendant during that time, amounting to about $560; his whole claim amounting to $1,736.85. These

several items of plaintiff's claim were stated in a bill of particulars filed in the cause. Plaintiff's attention being called to these several items on the trial, he testified to their correctness. The theory of the defendant was that in the fall of 1884 he and the plaintiff entered into a copartnership to carry on the meat-market business at Bellville, and that the plaintiff agreed to put in these moneys and keep the books, and these were placed against the defendant's labor, and each to have one-half the profits. In this contention the defendant was corroborated by his son, Edward E. McIntosh. This arrangement was, however, denied by the plaintiff. Defendant admitted that the plaintiff had advanced him the sums of $300, $90, and $25 outside the market business.

At the close of the testimony, the court very properly instructed the jury, if they found, from the evidence, that the parties were partners, and that all this money went into the business for the benefit of the partnership, the plaintiff could not recover. Other portions of the charge are, however, complained of by the defendant. The court stated that the plaintiff claimed to have advanced defendant $1,176.86, of which $200 has been returned, and he still claims a balance of $976.85 for moneys advanced, and for labor which he performed at $20 per month, amounting to $560, or a total of $1,536.85; and there was advanced $90 for stock, $300 for purchase of building and lot, $25 for tools, and $126 for a note, as he claims. No complaint is made of this portion of the charge, but that, before the close of the charge, the court stated:

"If you find that the plaintiff was not a partner; that this money was only lent to his brother, as stated by him; and that he expected to have it returned to him,—then your verdict should be, as I said before, for $976.85."

After giving this charge the court again called atten-

tion to other matters for which plaintiff claimed; such as his work there, at $20 per month, etc.

The court was in error in directing the jury that they should find this $976.85, if they found the partnership did not exist between the parties. The whole amount claimed was really in dispute, aside from the items heretofore enumerated. The defendant also made certain claims as set-off, which were set out in a bill of particulars. The court should have called the attention of the jury to these items; and, in considering plaintiff's claims they should have been directed to take these items into account, if any such items were proven.

We do not think that the fourth point of defendant's counsel is well taken. The question of partnership was for the jury, and, if the plaintiff's testimony carried greater weight as to the truth of the proposition, they certainly had the right to find that no partnership existed; and this question was fairly submitted.

Under the third point made, it appears that plaintiff's counsel, after he had rested his direct case, asked the court for an order excluding the defendant's witnesses. This order was asked in view of the claim of defendant's counsel that he would show that a partnership existed between plaintiff and defendant, and that the moneys and services claimed for grew out of such partnership affairs. It was proposed to make this proof by defendant and his son. The court stated, upon this request being made:

"I will exclude the one witness while the other is giving evidence."

Counsel for defendant asked:

"Who will you exclude?
"*Court.* If you call the father, I will exclude the son.
"*Counsel.* We will call the son first
"*Court.* Exclude the other."

To this ruling counsel excepted, on the ground that

the court could not exclude a party to the suit, and asked if the court would exclude the party. The court, in answer to this, stated:

"I think I have said enough. I thought, at first, I would be half decent; but, as you won't, I do not think I will be."

The son was called, and the defendant and other witnesses were excluded while he gave his direct testimony. After the noon recess, the court directed that the defendant's witnesses might be admitted. It is claimed here by plaintiff's counsel that, if the court was in error in excluding the defendant and his witnesses, the error was cured by their after-admission into the court. We think the court was not only in error in excluding a party to the suit, where his presence might have been of importance in aiding his counsel in the conduct of the case, but also in the remarks made while the question was being discussed. Its effect upon the jury may have been very prejudicial to the defendant's case. It was an intimation from the court that the defendant's counsel was pursuing an unfair course; and, coming at that stage of the proceedings, it cast a reflection upon the integrity of the witnesses themselves. It is a matter generally within the discretion of the court to exclude witnesses; but, when such discretion is exercised, it should not be in a manner prejudicial to either side of the controversy, and all witnesses should be excluded who are to be called to that point, whether they are witnesses of plaintiff or defendant. There is no rule, however, by which the court is authorized to excluded a party to the controversy.

For these errors the judgment of the court below must be reversed, with costs, and a new trial ordered. Inasmuch as there must be a new trial we notice the points made upon the remarks of counsel as to the assault

claimed to have been made upon the plaintiff by the son of the defendant. These remarks were not proper. There was no claim made that the defendant was present at that time. The action is *assumpsit* to recover for certain moneys and for services, and not for damages growing out of an assault. No such element entered into the controversy, and the court should not have allowed counsel to indulge in such remarks, the effect of which was to prejudice the defendant's case.

The other Justices concurred.