MCKINNEY *v.* ANDERSON.

1. APPEAL AND ERROR—EVIDENCE.

Evidence is viewed in the light most favorable to defendants on plaintiffs' appeal from verdict and judgment for defendants in action for personal injuries.

2. AUTOMOBILES — REAR-END COLLISION — PRESUMPTIONS — SUDDEN EMERGENCY.

The violation of the rear-end collision statute gives rise to a prima facie case of negligence but such presumption is overcome when the collision is proven to have occurred in the

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 885.
[2] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 770–772.
[3] 7, 8 Am Jur 2d, Automobiles and Highway Traffic §§ 188, 720, 721, 770–772.
  "Assured clear distance" statute or rule as applied at hill or curve. 133 ALR 967.
[4] 8 Am Jur 2d, Automobiles and Highway Traffic § 1030.

midst of a sudden emergency not of the defendant's making (CLS 1961, § 257.402).

3. Same—Assured Clear Distance Ahead—Sudden Emergency.

The violation of the assured-clear-distance-ahead statute constitutes negligence *per se* but such negligence is found not to exist when the collision is proven to have occurred in the midst of a sudden emergency not of defendant's making (CLS 1956, § 257.627, as amended by PA 1959, No 76).

4. Same—Rear-End Collision—Sudden Emergency—Speed—Instructions—Directed Verdict.

Proof that plaintiffs' car was stopped on the highway at 7:30 p.m. in October, without a signal from plaintiff driver despite fact that defendants' headlights were visible to such driver by rear view observation and that defendant driver was prevented from turning to either side and was driving within posted speed limit and had crested a hill shortly before colliding with rear-end of plaintiffs' car presented a situation whereby jury could reasonably find defendant driver was confronted with a sudden emergency not brought about by defendant driver, and justified instruction relative to sudden emergency and denial of plaintiffs' motions for directed verdict because of defendant driver's admission he was traveling too fast to be able to control his car (CLS 1956, § 257.402; § 257.627, as amended by PA 1959, No 76).

5. Appeal and Error—Questions Reviewable—Saving Question for Review.

Assignments of error as to instructions which were not brought to the attention of the trial court are not reviewable (GCR 1963, 516.2).

Appeal from Oakland; Adams (Clark J.), J. Submitted December 5, 1963. (Calendar Nos. 125, 126. Docket Nos. 49,700, 49,701.) Decided September 2, 1964. Rehearing denied October 5, 1964.

Case by James McKinney against Herman A. C. Anderson, Virginia S. Anderson and David M. Anderson for personal injuries sustained in rear-end collision of automobiles. Similar action by Ora Lee McKinney. Cases consolidated for trial and on appeal. Verdict and judgments for defendants. Plaintiffs appeal. Affirmed.

*Earl T. Prosser* and *James W. Cowell,* for plaintiffs.

*Ward, Plunkett, Cooney, Rutt & Peacock (John D. Hayes* and *Charles McGorisk,* of counsel), for defendants.

Kavanagh, C. J.   Plaintiffs appeal from judgments upon a jury verdict of no cause for action in these automobile negligence cases, consolidated by stipulation both below and here on appeal, and from denial of their motions for judgment *non obstante veredicto* and for a new trial.   They allege the trial court erred in refusing to grant their motion for a directed verdict made at the close of their own proofs and renewed at close of all proofs.   The latter motion alleged defendant was guilty of negligence as a matter of law and asked the general question of damages only be put to the jury.   Plaintiffs further claim the trial court committed reversible error in certain jury instructions as follows:

(1) The trial court charged on abstract principles of law, based upon facts which were not in evidence, which confused and misled the jury to return a verdict of no cause for action.

(2) The court omitted from his charge to the jury the law that the contributory negligence of the driver, if any, cannot be imputed to his guest passenger.

(3) The court, in his instructions, completely disregarded the admissions of the defendant driver in relation to the assured-clear-distance-ahead statute and the proximate cause of the automobile collision.

(4) The court charged the jury on the emergency doctrine when the evidence did not support such a charge.

Plaintiff James McKinney sued in the Oakland county circuit court to recover $35,000 for perma-

nent personal injuries and for loss of the comfort and society of his wife, Ora Lee McKinney, who also sued to recover $15,000 for permanent personal injuries to herself and for loss of her husband's society and comfort.

Defendants' answer pleaded a general denial and affirmatively, pleaded contributory negligence on the part of plaintiffs in stopping and standing their vehicle on a traveled highway, pushing a vehicle ahead of their vehicle without seeing that such movement could be made with safety, failing to maintain proper taillights, and creating an obstruction on the highway. As another affirmative defense, the defendants pleaded that defendant driver was confronted with a sudden emergency that was not attributable to him.

Plaintiff James McKinney had his wife Ora Lee McKinney as a passenger in his car on October 8, 1960, about 7:30 p.m., and was headed in a southerly direction on Woodward avenue, near the intersection of Long Lake road, in the city of Bloomfield Hills. Plaintiffs' automobile was at the time of the collision in the first lane of traffic and was pushing a disabled 1957 Buick automobile owned by their son and operated by one Charlie Jones. Defendant David Anderson, a minor 16 years of age, at the same time and place was also operating an automobile in a southerly direction on Woodward avenue in the first lane of traffic, to the rear of plaintiffs' automobile. This auto was owned by Herman A. C. and Virginia Anderson, who had given David permission to drive it. Woodward avenue at the scene of the collision is an 8-lane highway, 4 lanes going south and 4 north.

Defendant David Anderson drove his automobile into the rear of plaintiffs' car, which collision allegedly caused the injuries involved in this suit.

Plaintiffs' witnesses testified plaintiffs' car was moving at the time of the collision and that no headlights were observed approaching from plaintiffs' rear.

Defendant David Anderson testified he was driving his father's automobile, had 2 companions in the car, and was traveling about 45 miles per hour going south on Woodward in a 50-mile-per-hour speed limit zone; that his headlights were on; that when he came to the crest of a hill he noticed the rear taillights of an automobile about 400 feet away; that when he was about 200 feet away from the McKinney automobile he began to think plaintiffs' automobile was traveling slower than he was driving; that at that point he observed a car in the left lane next to his; that when he was within 100 or 200 feet of the McKinney car his speed was still 40 to 45 miles per hour; that he then released the accelerator; that when he was about 50 to 100 feet from the rear of the McKinney car, he applied the brakes. He further admitted he was traveling too fast to be able to control his car, which was the reason he ran into the McKinney car; that it takes considerably longer than 100 feet to stop when one is going 45 miles per hour.

Ted Yntema, a 17-year-old passenger and a witness for defendants, testified that defendants' car's headlights were on, that he noticed plaintiffs' car when 100 feet ahead, and recalled that it was either completely stopped or going at a very slow rate of speed just prior to impact. He also stated the Anderson automobile skidded 2 car lengths before it struck the rear of the McKinney automobile.

Anne Livingston, another witness for defendants, and also a passenger in the Anderson car, testified she was turning on the heater and was inattentive to the road just prior to impact; that she could not state for sure whether the McKinney automobile

was stopped dead in the traffic lane ahead of the Anderson car, but she thought it was; that she saw the McKinney automobile taillights about 100 feet before impact; that Ted Yntema yelled, "Dave," then brakes, then the crash; that she did not know how fast the Anderson automobile was traveling prior to impact, but recalled that the McKinney automobile looked to her like it was stopped.

Plaintiffs' claim of error in the trial court's denial of their motions for directed verdict and their claims of error numbers 3 and 4 above, in regard to jury instructions, involved the same problem and will be disposed of simultaneously.

Plaintiffs claim that defendant driver's admission that he was going too fast to avoid colliding with the rear end of plaintiffs' car prima facie determined defendant driver's negligence and entitled plaintiffs to a directed verdict. While it is true that a violation of the rear-end-collision statute[1] gives rise to a *prima facie* case of negligence and a violation of the assured-clear-distance-ahead statute[2] constitutes negligence *per se,* such presumption is overcome and such negligence is found not to exist when the collision is proven to have occurred in the midst of a sudden emergency not of defendants' making.[3]

The trial court instructed the jury that if they found that defendant driver was faced with a sudden emergency they could find him free of negligence. Plaintiffs claim error in the fact the jury was instructed on the sudden emergency doctrine.

Viewing the testimony, as we must, in the light most favorable to defendant,[4] we find that plaintiffs' car was stopped, without a signal from plaintiff driver, despite the fact that defendants' head-

---

[1] CLS 1961, § 257.402 (Stat Ann 1960 Rev § 9.2102).

[2] PA 1949, No 300, § 627, as then amended (CLS 1956, § 257.627, as amended by PA 1959, No 76 [Stat Ann 1959 Cum Supp § 9.2327]).

[3] *Patzer* v. *Bowerman-Halifax Funeral Home,* 370 Mich 350.

[4] *Budman* v. *Skore,* 363 Mich 458, 462.

lights were visible to plaintiff by rear view observation; that a ravine on the right and a car on the left prevented defendant driver from turning to either side; that defendant driver was driving within the posted speed limit and had shortly before crested a hill. A jury could reasonably have found these facts to constitute a situation of sudden emergency not brought about by defendant driver. Therefore, the instructions given and the denial of plaintiffs' motions for directed verdict were proper. See *Rossien* v. *Berry,* 305 Mich 693, 703; *Patzer* v. *Bowerman-Halifax Funeral Home,* 370 Mich 350.

Plaintiffs' 2 other assignments of error in regard to jury instructions are not reviewable here because they were not brought to the attention of the trial court under the provisions of GCR 1963, 516.2, which codified by rule the case law of *Sacred Heart Aid Society* v. *Aetna Casualty & Surety Co.,* 355 Mich 480, 488.

Judgment affirmed. Costs to defendants.

DETHMERS, KELLY, BLACK, SOURIS, SMITH, and O'HARA, JJ., concurred.

ADAMS, J., took no part in the decision of this case.