PAVLOS *v.* POLK

APPEAL AND ERROR—JURY VERDICT.
> The facts of a case are to be construed most favorably toward
> the party in whose favor a jury verdict was given in reviewing
> that verdict on appeal.

Appeal from Macomb, Howard R. Carroll, J. Submitted Division 2 January 7, at Detroit. (Docket No. 4,997.) Decided February 27, 1969. Rehearing denied April 4, 1969.

Complaint by Katherine G. Pavlos and Gus D. Pavlos against Dominic Polk and Agnes Polk for damages resulting from an automobile collision. Verdict and judgment for defendants. Plaintiffs appeal. Affirmed.

*Arthur Rubin,* for plaintiffs.

*Nunneley, Nunneley & Hirt,* for defendants.

BEFORE: LESINSKI, C. J., and J. H. GILLIS and T. M. BURNS, JJ.

PER CURIAM. This is an appeal from a jury verdict of no cause of action in a suit for damages arising out of an automobile accident.

---

REFERENCE FOR POINTS IN HEADNOTE
5 Am Jur 2d, Appeal and Error § 885.

Plaintiffs claim that the jury verdict was against the great weight of the evidence and contrary to law. We have examined the record and find that on the issue of defendants' negligence sufficient evidence was introduced to give rise to a question of fact for determination by the jury.

In this case the severity of the impact, the nature of plaintiff Katherine Pavlos' injuries and the direct testimony of defendant Dominic Polk as to his actions in the course of driving are sufficient to support the determination of the jury.

In reviewing a jury verdict the facts are to be construed most favorably toward the party in whose favor the verdict was given. *McKinney* v. *Anderson* (1964), 373 Mich 414. Stated more simply, it was a question of whom the jury chose to believe. We will not substitute our judgment for that of the jury.

Affirmed. Costs to appellees.