DONALDSON *v.* MacDONALD-BLAZO ASSOCIATES, INC.

1. Jury—Voir Dire—Procedure—Discretion.

   The trial court may, in its discretion, permit the attorneys to conduct the examination of prospective jurors, or it may conduct the examination itself (GCR 1963, 511.3).

2. Jury—Voir Dire—Scope.

   The scope of the *voir dire* of prospective jurors is largely a matter within the discretion of the trial court; however, its scope should be broad enough to allow the attorneys to obtain certain information necessary to enable them to develop a basis for challenging the veniremen for cause and for exercising peremptory challenges (Const 1963, art 1, § 14; GCR 1963, 511.3).

3. Jury—Voir Dire—Possible Bias—Court-Shown Movie.

   Requested *voir dire* questions concerning the effect of a motion picture the veniremen had been shown shortly before being sworn should have been asked and the refusal to allow the questions was reversible error where the movie, depicting the jurors' role in a trial, showed a slip and fall case in which the woman plaintiff's case was weak, the plaintiff's witnesses were effectively contradicted, the plaintiff gave incredulous responses on cross-examination, and the defendant's case appeared more plausible than plaintiff's, where the actual case before the jurors was also a slip and fall case brought by a woman, and where the plaintiff's case was the first case in which the jurors, selected from a new venire panel, sat after viewing the movie.

Appeal from Wayne, Benjamin D. Burdick, J. Submitted Division 1 January 11, 1971, at Detroit. (Docket No. 7730.) Decided May 24, 1971.

---

References for Points in Headnotes

[1]  47 Am Jur 2d, Jury § 198.
[2]  47 Am Jur 2d, Jury § 201.
[3]  47 Am Jur 2d, Jury § 28.

Complaint by Ruth L. Donaldson and Reid B. Donaldson against MacDonald-Blazo Associates, Inc., for damages caused by injuries from a slip and fall. Verdict and judgment for defendant. Plaintiffs appeal. Reversed and remanded.

*John T. McWilliams*, for plaintiffs.

*Alexander, Buchanan & Conklin* (by *Thomas D. Beeby*), for defendant.

Before: V. J. BRENNAN, P. J., and FITZGERALD and LEVIN, JJ.

PER CURIAM. Plaintiffs appeal from a judgment of no cause of action entered on a jury's verdict.

The jurors were selected from a new venire panel of several hundred jurors. Shortly before the jurors who sat in this case were sworn, they and the other veniremen in the new venire panel were shown a motion picture, *The True and the Just*. The film depicts the jury selection process and a civil trial with emphasis on the jurors' role in the trial.

The plaintiffs' attorney submitted to the trial judge questions concerning the film to be asked the prospective jurors on *voir dire*. The judge refused to ask the questions. Neither the judge nor the lawyer for either party had seen the film.

The questions were:

"1. Members of the jury, I understand that you were shown a motion picture as part of your induction as jurors, is that true? If so, did the movie change any of your ideas as to what are your duties as jurors? Show of hands please. What were those changes?

"2. Will the fact that you were shown a motion picture keep you from taking to your deliberations

in this case your own general experience of life common to all people in arriving at your verdict?

"3. Do you think that your verdict in this case will be influenced by the motion picture you were shown at the induction ceremonies?

"4. Are you less sympathetic toward people who may have suffered serious injuries than you were before this movie was shown to you?

Under the court rule the trial judge may permit the attorneys to conduct the examination of prospective jurors or may himself conduct the examination. GCR 1963, 511.3. Jurors may be challenged for cause and each litigant is allowed a specified number of peremptory challenges.

"The scope of the voir dire examination of jurors is largely in the discretion of the trial court and should be kept within reasonable bounds. It should, nonetheless, be broad enough to enable the attorneys to ascertain certain information as will permit them to develop a basis for challenging the jurors for cause as well as for exercising the right to peremptory challenges. As stated in one decision, 'it is indispensable to a fair trial that a litigant be given a reasonable opportunity to ascertain on the voir dire whether any of the jurors summoned are subject to being challenged for cause or even peremptorily.' *Fedorinchic* v. *Stewart* (1939), 289 Mich 436." 2 Honigman and Hawkins, Michigan Court Rules Annotated, Rule 511, pp 465, 466.

"A litigant's right to trial before an impartial jury (Const 1963, art 1, § 14) requires that he be given an opportunity to obtain the information necessary to challenge such individuals for cause or peremptorily." *Bunda* v. *Hardwick* (1965), 376 Mich 640, 659.* Similarly, see *People* v. *Simpson*

---

* These words appear in the opinion of Mr. Justice Souris which was signed by two other justices. Four other justices expressed their agreement and concurrence with "all of Mr. Justice Souris'

(1966), 5 Mich App 479, 483, 485; *People* v. *Cole* (1967), 8 Mich App 250, 254, *reversed* on other grounds, *People* v. *Cole* (1969), 382 Mich 695; *People* v. *Milkovich* (1971), 31 Mich App 582.

We viewed the film during oral argument. The trial scenes relate to an action by a woman who fell on the sidewalk when she tripped on a suitcase left in her path by the defendant.

Although the producer of the film, a prominent charitable foundation, probably made an effort to portray impartially the cases of the plaintiff and the defendant, the pervading impression left with us was that there was considerable doubt of the strength of the plaintiff's case. The defendant's case appeared more plausible than the plaintiff's. The plaintiff was shown only during cross-examination, and she was effectively cross-examined—some jurors seemed incredulous at her responses. The plaintiff's expert medical witness was contradicted by defendant's expert witness. The defendant was not examined. The impression created was that the plaintiff had a doubtful case of liability and probably was exaggerating her injuries and damages. It is subtle but it is there.

This case of Donaldson is a slip-and-fall case, also brought by a woman. This was the first case in which the jurors in this case sat following their viewing of the film.

Under the circumstances we could not declare a belief that the refusal of the trial judge to inquire of the prospective jurors concerning the matters covered by the questions did not deprive the plain-

opinion" except a portion of the opinion dealing with another issue. See 376 Mich 673–674.

tiffs of their right to obtain information necessary to enable them intelligently to challenge the jurors for cause and to exercise their peremptory challenges.

Reversed and remanded for a new trial. Costs to plaintiffs.