WRIGHT v. MARZOLF

1. AUTOMOBILES—NEGLIGENCE—ASSURED CLEAR DISTANCE—SUDDEN EMERGENCY.

The doctrine of sudden emergency is an exception to avoid the harshness of the assured clear distance statute and is applicable where there is any evidence from which a jury could conclude that an emergency existed within the doctrine's meaning (MCLA § 257.627).

2. AUTOMOBILES—NEGLIGENCE—ASSURED CLEAR DISTANCE—SUDDEN EMERGENCY.

On a review of the propriety of an instruction to the jury on the sudden emergency exception to the assured clear distance statute, an appellate court views the testimony taken at trial in the light most favorable to the defendant (MCLA § 257.627).

3. AUTOMOBILES—NEGLIGENCE—ASSURED CLEAR DISTANCE—SUDDEN EMERGENCY—EVIDENCE.

An instruction to the jury on the sudden emergency exception to the assured clear distance rule was proper where the testimony indicated that the defendant was driving on a residential street, the day was clear and sunny, the road surface was dry, that when the defendant neared a parked car the plaintiff, a minor, darted in front of the parked vehicle and was visible to the defendant only 30 feet short of the point of the accident, that defendant tooted her horn, swerved to avoid the plaintiff, and quickly applied the brakes, and that defendant's car was almost totally stopped at the point of impact, and where there was no evidence showing that the defendant was exceeding the speed limit (MCLA § 257.627).

REFERENCES FOR POINTS IN HEADNOTES
[1] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 359, 360.
[2, 3] 8 Am Jur 2d, Automobiles and Highway Traffic § 1030.

Appeal from Ingham, Donald L. Reisig, J.   Submitted Division 2 June 9, 1971, at Grand Rapids. (Docket No. 8991.)   Decided June 25, 1971.

Complaint by Neal Wright, for himself and as next friend of Gary Wright, against Sharon Kay Marzolf for damages from injuries suffered in an automobile-pedestrian accident.   Verdict and judgment for defendant.   Plaintiffs appeal.   Affirmed.

*Sinas, Dramis, Brake & Turner, P. C.,* for plaintiffs.

*Lavey & Taber,* for defendant.

Before:   R. B. BURNS, P. J., and FITZGERALD and J. H. GILLIS, JJ.

PER CURIAM.   This is an action to recover damages sustained by plaintiff, a minor, when he stepped out in front of a parked vehicle and was struck by defendant's automobile.   The jury returned a verdict of no cause of action.   Plaintiffs appeal from the trial court's denial of their motion for a new trial.

The sole issue preserved for review is whether the trial court erred in instructing the jury as to the "sudden emergency" exception to the "assured clear distance" statute, MCLA § 257.627 (Stat Ann 1968 Rev § 9.2327).   Plaintiffs argue that the testimony produced at trial did not require the court to give the "sudden emergency" instruction, and, further, the instruction given was incorrect.

A party who invokes the doctrine of sudden emergency to avoid the harshness of the assured clear distance statute is entitled to a proper instruction

if there is any evidence which would allow a jury to conclude that an emergency existed within the meaning of that doctrine. *Vander Laan* v. *Miedema* (1970), 22 Mich App 170; *McKinney* v. *Anderson* (1964), 373 Mich 414. In reviewing the trial court's instruction, testimony taken at trial must be viewed in the light most favorable to defendant. *McKinney* v. *Anderson, supra.*

This testimony indicates that on the day in question defendant was proceeding west on a residential street. The day was clear and sunny; the road surface was dry. As defendant neared a parked car, plaintiff darted into the street from in front of that parked vehicle. The child plaintiff became visible to defendant when she was only 30 feet short of the accident location. Defendant tooted her automobile horn, swerved to avoid the child, and quickly applied the brakes. Her automobile had almost totally stopped at the moment of impact. There was no testimony given that defendant was exceeding the speed limit.

This evidence was sufficient to warrant the trial court's instruction as to the sudden emergency exception to the assured clear distance rule. *Walker* v. *Rebeuhr* (1931), 255 Mich 204; *Gapske* v. *Hatch* (1957), 347 Mich 648; *Elliott* v. *A. J. Smith Contracting Company, Inc.* (1960), 358 Mich 398.

Plaintiffs' allegation that the instruction given was incorrect is without merit. The trial court's instruction, read as a whole, adequately apprised the jury of the prevailing rules of law and their exceptions. *Huffman* v. *First Baptist Church of Flushing* (1959), 355 Mich 437, 445–447. Additionally, this Court will not review error which is raised for the first time on appeal, barring manifest in-

justice. *Taylor* v. *American Legion Post 180* (1967), 6 Mich App 398; *Kwaiser* v. *Peters* (1967), 6 Mich App 153; *Wallace* v. *Pere Marquette Fiberglass Boat Company, Inc.* (1966), 2 Mich App 605; GCR 1963, 516.2.

Affirmed. Cost to appellee.