## IVY *v* BINGER

AUTOMOBILES—NEGLIGENCE—SUDDEN EMERGENCY—SCHOOL CROSSING
—STANDARD OF CARE.

> Instructing the jury that if defendant, whose automobile struck
> the six-year-old plaintiff when he darted unexpectedly into
> traffic at a school crossing, was confronted with a sudden
> emergency not of his own making, then he could not be said
> to have violated the assured clear distance ahead statute,
> was proper where the court also informed the jury that they
> could find that sudden emergency existed only if defendant
> was exercising the greater vigilance required when one drives
> through an area where children are likely to be present.

Appeal from Shiawassee, Michael Carland, J. Submitted Division 2 January 31, 1972, at Lansing. (Docket No. 10713.)   Decided February 28, 1972.

Complaint by Charles A. Ivy, for himself and as next friend of Eddie Ivy, against Leston Binger for negligence. Judgment for defendant. Plaintiffs appeal. Affirmed.

*Sinas, Dramis, Brake & Turner, P. C.,* for plaintiffs.

*Foster, Lindemer, Swift & Collins, P. C.,* for defendant.

---

REFERENCE FOR POINTS IN HEADNOTE
8 Am Jur 2d, Automobiles and Highway Traffic § 1030.

Before: DANHOF, P. J., and T. M. BURNS and VAN VALKENBURG,* JJ.

PER CURIAM. This appeal arises out of a negligence suit in which the jury returned a verdict for defendant. Plaintiffs appeal as of right.

Appellants contend that the trial court erred in instructing the jury that if defendant was confronted with a sudden emergency not of his own making, then defendant could not be said to have violated the "assured clear distance ahead" statute. MCLA 257.627(a); MSA 9.2327(a).

Six-year-old Eddie James Ivy was struck by defendant's automobile when the child darted out unexpectedly into traffic. The accident occurred at a school crossing at a time when defendant admitted he knew that children would be crossing the street. The court instructed the jury that:

> "The law recognizes that children act upon childish instincts and impulses. If you find that the defendant knew or should have known that a child or children were or were likely to be in the vicinity, then the defendant is required to exercise greater vigilance and this is a circumstance to be considered by you in determining whether reasonable care was used by the defendant."

In light of the above instruction on defendant's duty of care, it was not improper for the trial court to include its sudden emergency instruction. The jury was authorized to find that such sudden emergency existed only if defendant was exercising the greater vigilance required when one drives through an area where children are likely to be present. Therefore, the trial court properly instructed the jury that if defendant was confronted with a sud-

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

den emergency not of his own making then his subsequent behavior should be judged according to the way a reasonable man would act under those circumstances. See, *McKinney* v *Anderson,* 373 Mich 414, 419–420 (1964) ; *Campbell* v *Menze Construction Co,* 15 Mich App 407, 414–415 (1968) ; *Wright* v *Marzolf,* 34 Mich App 612 (1971).

Affirmed. Costs to the defendant.