LaBUMBARD v PLOUFF

1. Automobiles—Negligence—Evidence—Weight and Sufficiency —Sudden Emergency—Jury Question.

The evidence was sufficient to allow the jury to find that a defendant was confronted with a sudden emergency situation where, although the evidence conflicted as to whether both of plaintiff's taillights were on, it was very dark on the night in question and it was also snowing, and where defendant, traveling well within the speed limit and recently coming around a curve approximately three-fourths of a mile from the scene of the accident, did not see plaintiff's vehicle until the time of the collision.

2. Automobiles—Negligence—Instructions to Jury—Assured Clear Distance Rule—Rear-End Rule—Sudden Emergency Exception.

A jury instruction as to the sudden emergency exception to the assured clear distance and rear-end rules was proper where the evidence was sufficient to allow the jury to find that defendant was confronted with a sudden emergency situation, and where defendant testified that when he saw flashers on another vehicle he thought that something was wrong, although he did not see plaintiff's vehicle until the collision.

Appeal from Delta, Bernard H. Davidson, J. Submitted Division 3 October 11, 1974, at Marquette. (Docket No. 18931.) Decided November 7, 1974.

Complaint by Christine LaBumbard (Briere) against Eugene Plouff for damages resulting from an automobile collision. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

References for Points in Headnotes
[1, 2] 8 Am Jur 2d, Automobiles and Highway Traffic § 1030.
Instructions on sudden emergency in motor vehicle cases, 80 ALR2d 5.

*Strom, Hoehn, Butch, Quinn & Rosemurgy* (by *Terrill S. Jardis*), for plaintiff.

*Hansley, Neiman, Peterson & Beauchamp* (by *Frank A. Stupak, Jr.*), for defendant.

Before: ALLEN, P. J., and J. H. GILLIS and Mc-GREGOR, JJ.

PER CURIAM. Plaintiff, passenger in her sister's automobile, was injured when defendant's vehicle struck it as it was parked on County Road 416 in Cornell Township, Delta County. On July 1, 1971, the jury returned a verdict of no cause of action in favor of defendant, plaintiff's motion for new trial was denied, and plaintiff filed a timely claim of appeal.

The sole question presented for review is whether or not the trial court committed reversible error in instructing the jury on the doctrine of sudden emergency. The instruction complied with SJI 12.01(A), and plaintiff's counsel objected on the grounds that there was no evidence to justify such an instruction.

The trial judge instructed the jury on both the assured clear distance statute, MCLA 257.627; MSA 9.2327 and the rear-end collision statute. MCLA 257.402; MSA 9.2102. As noted in *Wright v Marzolf,* 34 Mich App 612, 613–614; 192 NW2d 56 (1971), a party seeking to invoke the doctrine of sudden emergency to avoid the harshness of the above two statutes is entitled to the sudden emergency instruction "if there is any evidence which would allow a jury to conclude that an emergency existed within the meaning of that doctrine". In reviewing this question, we must view the evidence at trial in a light most favorable to defendant. 34 Mich App 612, 614. See also *McKinney v Anderson,* 373 Mich 414, 419; 129 NW2d 851

(1964) and *Dennis v Jakeway,* 53 Mich App 68, 74; 218 NW2d 389 (1974).

The accident at issue occurred November 18, 1968, at or about 5:30 p.m. Plaintiff was a passenger in her sister's automobile, and as they traveled in a southerly direction on County Road 416, the headlights failed. They stopped the vehicle near the edge of the roadway, and one witness testified that only about 18 inches of plaintiff's 1966 Marlin was off of the road, with the rest of it remaining in the right-hand lane. Plaintiff's sister, while standing in the middle of the road with a spotlight, was able to obtain the assistance of 2 men in a Volkswagen which had been traveling in the opposite direction. They parked the Volkswagen approximately 100 feet beyond the disabled vehicle, left the motor running, and turned on the emergency flashers.

Defendant, while traveling in a southerly direction at approximately 20 to 25 miles per hour, testified that he saw the Volkswagen's flashers when he was about 100 feet therefrom. He then slowed to a speed of approximately 15 miles per hour, and did not see plaintiff's vehicle until he collided with the same. He did not apply his brakes until the vehicles collided.

All witnesses testified that on the night in question, about 1 to 1-1/2 inches of snow had accumulated, and it was snowing at the time of the accident. Defendant said that it was snowing "hard enough" and everyone testified that it was quite dark outside. Plaintiff's sister said that it was "really black", and Charles Walkner, one of the men in the Volkswagen, said that it was "unusually dark", and snowing. He said that it was "very slippery" and that "visibility was real poor". Although Robert Kearns, the other man in

the Volkswagen and an airline pilot, testified that there was about "one mile visibility", he also testified that it was "pitch black", and that the roads were slippery. He said that he first noticed defendant's vehicle about 1/2 to 3/4 of a mile from the point of the accident as it rounded a curve.

*Dennis v Jakeway, supra,* referred to *Vander-Laan v Miedema,* 385 Mich 226, 231–232; 188 NW2d 564 (1971), in which it was found that a stalled vehicle blocking a lane of traffic at night varies from the ordinary, everyday traffic situation and is thus classified as "unusual". Evidence favorable to defendant Plouff shows that only 18 inches of plaintiff's vehicle was located off of the roadway, with the remainder of the car blocking the traffic lane. Although evidence showed that the snowfall was not particularly "unusual", testimony was presented that it was unusually dark and that visibility was poor.

*VanderLaan, supra,* said that to come within the sudden emergency rule, the circumstances surrounding the accident must present an unusual or unsuspected situation. The darkness was unusual, and evidence shows that defendant failed to see plaintiff's vehicle until the time of the collision. Thus, it was not in clear view for any length of time at all, and was unexpected. 385 Mich 226, 232. Unlike *Spillers v Simons,* 42 Mich App 101, 106; 201 NW2d 374 (1972), *lv den,* 388 Mich 782 (1972), defendant could not see plaintiff previous to the accident, and there was no clear view of the scene of the accident, contrary to the situation presented in *Hughes v Polk,* 40 Mich App 634, 636; 199 NW2d 224 (1972), *lv den,* 388 Mich 770 (1972).

Defendant, traveling well within the speed limit and recently coming around a curve approxi-

mately 3/4 of a mile from the scene of the accident, did not see plaintiff's vehicle until the time of the collision. Although the evidence conflicted as to whether both of plaintiff's taillights were on, it was very dark on the night in question. It was also snowing, and we find that the evidence was sufficient to allow the jury to find that defendant was confronted with a sudden emergency situation. See *McKinney v Anderson,* 373 Mich 414, 419; 129 NW2d 851 (1964). Defendant testified that when he saw the Volkswagen's flashers, he thought that something was wrong, although he did not see plaintiff's vehicle until the collision. This approaches the "diverted attention" situation presented in *Baker v Alt,* 374 Mich 492, 496-497; 132 NW2d 614 (1965), where the court held that the sudden emergency instruction was properly given. We find that the evidence was sufficient to justify a jury instruction as to the sudden emergency exception to the assured clear distance and rear-end rules, and that no reversible error was committed.

Affirmed, costs to appellee.