HUNTER v SZUMLANSKI

Docket No. 57520. Submitted October 20, 1982, at Detroit.—Decided April 5, 1983. Leave to appeal applied for.

Grace L. Hunter, administratrix of the estate of George M. Hunter, deceased, brought an action in the Wayne Circuit Court against Donald A. Szumlanski for wrongful death. This case had been placed on the "spin-off" docket one week prior to trial. At 2:45 p.m. on March 9, 1981, the court contacted counsel for both parties by phone to inform them that trial would begin that afternoon. At 3:30 p.m. both counsel were present in court without their clients. Plaintiff's counsel said he was unable to contact his client by phone until 3:10 p.m. Because she lived in Canton Township, an hour's drive from the courtroom, counsel advised her not to drive in that afternoon since the circuit court typically adjourned about 4:30 p.m. Plaintiff's counsel moved to adjourn until the following morning to allow his client to be present during jury voir dire and selection. Defendant's counsel did not object to the delay. Before the trial judge, William J. Giovan, ruled on the motion, he recessed court in order to check with the chief judge regarding the circuit court's policy. When the trial judge returned, he said the circuit court policy was to allow one hour from notice for parties to appear before beginning a spin-off trial. The trial judge denied plaintiff's motion to delay over plaintiff's counsel's objection. The jury was picked that afternoon in a little over an hour without either party present. The court granted judgment on a jury verdict of no cause of action. Plaintiff appealed. *Held:*

1. It is error for a trial court to require the commencement of jury selection without affording all parties a reasonable opportunity to be present. Plaintiff does not need to show prejudice to require reversal.

2. A party who requests a sudden emergency instruction as

REFERENCES FOR POINTS IN HEADNOTES

[1] 47 Am Jur 2d, Jury § 190.

[2, 3] 7A Am Jur 2d, Automobiles and Highway Traffic § 420.
   Sudden emergency as exception to rule requiring one to stop within assured clear distance ahead. 75 ALR3d 327.

an excuse to avoid the harshness of the assured clear distance statute is entitled to that instruction if there is *any* evidence presented of an emergency. The trial court did not err in instructing the jury on sudden emergency but did err in failing to instruct that it applied only to avoid liability for negligence based on violation of the assured clear distance statute.

Reversed and remanded.

1. TRIAL — JURY SELECTION — PRESENCE OF PARTIES.

It is error for a trial court to require the commencement of jury selection without affording all parties a reasonable opportunity to be present.

2. AUTOMOBILES — NEGLIGENCE — ASSURED CLEAR DISTANCE — SUDDEN EMERGENCY.

For the sudden emergency doctrine to apply to the assured clear distance statute an "emergency" within the meaning of that rule must have existed and the circumstances attending the accident must present a situation that is "unusual or unsuspected".

3. AUTOMOBILES — NEGLIGENCE — ASSURED CLEAR DISTANCE — SUDDEN EMERGENCY.

The term "unusual" is employed, in the sudden emergency exception to the assured clear distance statute, in the sense that the factual background of the case varies from the everyday traffic routine confronting the motorist; "unsuspected" on the other hand connotes a potential peril within the everyday movement of traffic and to come within the narrow confines of the emergency doctrine as "unsuspected" it is essential that the potential peril had not been in clear view for any significant length of time, and was totally unexpected.

*Kelman, Loria, Downing, Schneider & Simpson* (by *Alan B. Posner* and *Nicholas J. Rine),* for plaintiff.

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *Thomas L. Misuraca),* for defendant.

Before: R. M. MAHER, P.J., and BRONSON and CYNAR, JJ.

BRONSON, J. In March, 1981, a jury returned a

verdict of no cause of action in this wrongful death case. Plaintiff appeals as of right.

Plaintiff alleges that two trial court errors require reversal and remand for a new trial.

First, plaintiff claims that the trial court reversibly erred by selecting a jury without her presence over her attorney's objections. This case had been placed on the Wayne County Circuit Court's "spin-off" docket one week prior to trial. At 2:45 p.m. on March 9, 1981, the court contacted counsel for both parties by phone to inform them that trial would begin that afternoon. At 3:30 p.m. both counsel were present in court without their clients. Plaintiff's counsel said he was unable to contact his client by phone until 3:10 p.m. Because she lived in Canton Township, an hour's drive from the courtroom, counsel advised her not to drive in that afternoon since the circuit court typically adjourned about 4:30 p.m. Plaintiff's counsel moved to adjourn until the following morning to allow his client to be present during jury voir dire and selection. Defendant's counsel did not object to the delay. Before the trial judge ruled on the motion, he recessed court in order to check with the chief judge regarding the circuit court's policy. When the trial judge returned, he said the circuit court policy was to allow one hour from notice for parties to appear before beginning a spin-off trial. The trial judge denied plaintiff's motion to delay over plaintiff's counsel's objection. The jury was picked that afternoon in a little over an hour without either party present.

In *Florence v Moors Concrete Products, Inc (On Rehearing)*, 35 Mich App 613; 193 NW2d 72 (1971), *lv den* 387 Mich 761 (1972), this Court held that a party cannot be excluded from the courtroom during proceedings in open court. This Court found

reversible error in *Florence* because the trial court required the plaintiffs to leave the courtroom during the rereading of instructions to the jury. *Florence, supra,* pp 620-621. Apparently, plaintiffs' counsel did remain in the courtroom after the trial court removed plaintiffs.

In *Donaldson v MacDonald-Blazo Associates, Inc,* 34 Mich App 50; 190 NW2d 705 (1971), this Court discussed the importance of jury voir dire, citing *Bunda v Hardwick,* 376 Mich 640, 659; 138 NW2d 305 (1965):

" 'The scope of the voir dire examination of jurors is largely in the discretion of the trial court and should be kept within reasonable bounds. It should, nonetheless, be broad enough to enable the attorneys to ascertain certain information as will permit them to develop a basis for challenging the jurors for cause as well as for exercising the right to peremptory challenges. As stated in one decision, "it is indispensable to a fair trial that a litigant be given a reasonable opportunity to ascertain on the voir dire whether any of the jurors summoned are subject to being challenged, for cause or even peremptorily." *Fedorinchic v Stewart,* 289 Mich 436; 286 NW 673 (1939).' 2 Honigman & Hawkins, Michigan Court Rules Annotated, Rule 511, pp 465, 466.

" '*A litigant's right to trial before an impartial jury (Const 1963, art 1, § 14) requires that he be given an opportunity to obtain the information necessary to challenge such individuals for cause or peremptorily.*' " (Emphasis added.) *Donaldson, supra,* p 52.

In *McIntosh v McIntosh,* 79 Mich 198; 44 NW 592 (1890), the trial court excluded defendant while his son testified. The Court held the exclusion was reversible error. A trial court causes error when it excludes a party whose presence might be of importance in aiding her counsel in the conduct of a case. *McIntosh, supra,* p 203.

Despite the importance of a party's presence during jury voir dire, defendant argues that plaintiff must show prejudice resulting from the manner in which the court conducted trial proceedings before this Court may find reversal to be appropriate. In *People v Morgan,* 400 Mich 527, 536; 255 NW2d 603 (1977), the Court said:

"[W]e adopt the following language from *Wade v United States,* 142 US App DC 356, 360; 441 F2d 1046, 1050 (1971), as the proper test for determining whether a defendant's absence from a part of a trial requires reversal of his or her conviction:

" 'It is possible that defendant's absence made no difference in the result reached. The standard by which to determine whether reversible error occurred [is] * * * whether there is "any reasonable possibility of prejudice".' "

In *People v Marsh,* 108 Mich App 659; 311 NW2d 130 (1981), defendant claimed his absence during in-chambers jury questioning caused reversible error. With defense counsel present, the trial court questioned 15 prospective jurors individually regarding possible prejudice due to pretrial publicity. Defense counsel did not object to the proceedings. This Court reviewed the record, including the transcript of the in-chambers proceedings, and found no resulting prejudice to defendant.

This Court does not agree with defendant that plaintiff must show prejudice due to her absence to merit reversal. First, plaintiff's counsel objected to beginning jury selection without plaintiff present. Second, the situations in *Marsh* and *Morgan* involved in-chamber proceedings, not trial proceedings in open court. Third, the record in this case cannot disclose whether or not prejudice occurred.

We also disagree with defendant's argument

that *Culley v Walkeen,* 80 Mich 443, 444; 45 NW 368 (1890), is dispositive. *Culley* was a civil case in which plaintiff recovered on a jury's verdict. Walkeen argued on appeal that the trial court erred by compelling his trial counsel to proceed in his absence during jury selection. The Court said, "[t]he business of courts cannot be delayed to suit the convenience of suitors. The error is not well assigned." The Court did not state any of the facts or circumstances under which defendant was absent during jury selection. Walkeen may have had ample notice of the trial date and may have been absent without cause.

Defendant's most persuasive argument is that a party need not be present if her counsel is present. Because plaintiff's counsel was present during jury selection, defendant argues that there was no error. In this case, the trial court did not wilfully bar or exclude plaintiff from court during jury voir dire or impanelling. By beginning jury selection at 3:30 p.m., however, only 45 minutes after first informing plaintiff's counsel that trial would commence, we find that the trial court effectively excluded plaintiff. Moreover, the trial court apparently learned of the Wayne County Circuit Court's one-hour rule only after plaintiff's counsel objected to beginning trial without his client. When plaintiff's counsel first notified his client at 3:10 p.m., he was unaware of this one-hour rule.

While this Court recognizes the need for relieving crowded trial dockets, attempts to meet this need should not cause a well-recognized right to be ignored. While plaintiff's counsel was present during jury voir dire, he was unable to consult with his client. This was not the fault of either plaintiff or her attorney. Furthermore, waiting until the next morning to impanel the jury would not have

placed an onerous burden on the trial court. We find that the trial court reversibly erred by ordering commencement of jury selection and voir dire without affording the plaintiff a reasonable opportunity to be present.

Plaintiff claims that the trial court erred by instructing the jury on "sudden emergency". See SJI2d 12.01, 12.02; 2 Restatement Torts, 2d, § 288A, pp 32-33. A party who requests a sudden emergency instruction as an excuse to avoid the harshness of the assured clear distance statute is entitled to that instruction if there is *any* evidence presented of an emergency. *Wright v Marzolf,* 34 Mich App 612, 614; 192 NW2d 56 (1971). In *Vander Laan v Miedema,* 385 Mich 226, 232; 188 NW2d 564 (1971), the Supreme Court defined "emergency":

"To come within the purview of this rule the circumstances attending the accident must present a situation that is 'unusual or unsuspected'. *Barringer v Arnold,* 358 Mich 594, 599; 101 NW2d 365 (1960).

"The term 'unusual' is employed here in the sense that the factual background of the case varies from the everyday traffic routine confronting the motorist. Such an event is typically associated with a phenomenon of nature. A classical example of the 'unusual' predicament envisioned by the emergency doctrine is proved by *Patzer v Bowerman-Halifax Funeral Home,* 370 Mich 350; 121 NW2d 843 (1963), wherein the accident occurred amid an Upper Peninsula blizzard.

" 'Unsuspected' on the other hand connotes a potential peril within the everyday movement of traffic. To come within the narrow confines of the emergency doctrine as 'unsuspected' it is essential that the potential peril had not been in clear view for any significant length of time, and was totally unexepected *[sic].* A good example of this can be seen in *McKinney v Anderson,* 373 Mich 414; 129 NW2d 851 (1964), where defendant rear-ended a plaintiff's car which had stopped

while pushing a disabled vehicle on the highway. Coming over the crest of a hill, defendant first saw plaintiff's taillights when he was 400 feet away. However, defendant did not clearly see the peril of plaintiff's stopping until he was about 100-200 feet away, at which point it was too late to avoid a collision under the circumstances. Furthermore, the failure of the plaintiff to signal that he was stopping, coupled with the surrounding darkness, made the subsequent peril totally unexpected to the defendant."

In *Wright, supra,* this Court found a sudden emergency instruction proper in a case involving a child stepping out in front of a parked car. The child darted in front of defendant's car into the street. Defendant first saw the decedent 30 feet from impact. There was no testimony that defendant was exceeding the speed limit.

In *Ivy v Binger,* 39 Mich App 59; 197 NW2d 133 (1972), this Court again found the sudden emergency instruction proper in a case involving a six-year-old child darting into traffic. That accident occurred at a school crossing at a time defendant acknowledged he knew children would be crossing. In that case, as in this one, the trial court gave Standard Jury Instruction 10.07 or a similar charge regarding the greater duty of care required of a driver who knows or should have known that children were in the vicinity. This Court said:

"In light of the above instruction on defendant's duty of care, it was not improper for the trial court to include its sudden emergency instruction. The jury was authorized to find that such sudden emergency existed only if defendant was exercising the greater vigilance required when one drives through an area where children are likely to be present. Therefore, the trial court properly instructed the jury that if defendant was confronted with a sudden emergency not of his own

making then his subsequent behavior should be judged according to the way a reasonable man would act under those circumstances. See *McKinney v Anderson,* 373 Mich 414, 419-420; 129 NW2d 851 (1964); *Campbell v Menze Construction Co,* 15 Mich App 407, 414-415; 166 NW2d 624 (1968); *Wright v Marzolf,* 34 Mich App 612; 192 NW2d 56 (1971)." *Ivy, supra,* pp 60-61.

In this case, defendant presented evidence that the decedent was not in view before the accident. Furthermore, while the situation was not unusual, the presence of the child in the street may have been unsuspected. Since defendant presented some evidence of an unsuspected occurrence, a child darting unseen from parked cars, the trial judge properly gave the sudden emergency instruction.

We caution the trial judge, however, that the "sudden emergency" instruction, as given, was misleading. The judge instructed the jurors on the general definition of negligence and the exercise of ordinary care. He then instructed them on two statutory provisions, violations of which may constitute negligence: first, the assured clear distance clause; second, the relevant speed limit statute. He then stated:

"If you find that the defendant violated either of these statutes before or at the time of the occurrence, you may infer from that that the defendant was negligent. You must then decide, if you do, whether such negligence was a proximate cause of the occurrence. However, if you find that defendant was confronted with a sudden emergency, not of his own making, and if you find that he used ordinary care and was still unable to avoid the violation of the statute because of such emergency, then his violation is excused. If you find that, on the other hand, that the defendant violated this statute and that the violation was not excused, then again you must decide whether such negligence was a proximate cause of the occurrence."

By separating the "sudden emergency" instruction from that on the violation of the assured clear distance statute, the trial judge failed to inform the jury that the "sudden emergency" doctrine could only be applied if the jury found defendant was negligent because of his violation of the assured clear distance statute. As given, the jury might perceive the "sudden emergency" doctrine as applying to defendant's negligence, regardless of the basis for the finding of negligence. To avoid this problem, the court should instruct the jury on the effect of a statutory violation on the determination of negligence, then on the assured clear distance statute and the "sudden emergency" doctrine. He should specifically inform the jury that the doctrine may only be applied if it finds defendant negligent on the basis of his violation of that statute.

Reversed and remanded for a new trial. No costs, neither party having prevailed in full.