FARRIS v BUI

Docket No. 79778. Submitted May 14, 1985, at Detroit.—Decided December 3, 1985. Leave to appeal applied for.

Lan H. Bui was driving her automobile on a street in Traverse City when she noticed two young boys start to cross the street ahead of her. The boys turned around and returned to the curb, then the younger boy dashed back into the street and either ran into Mrs. Bui's car or was struck by the car. James L. Farris, the boy involved in the accident, by his next friend, Linda L. Farris, filed suit against Lan H. Bui and Minh Q. Bui in Grand Traverse Circuit Court alleging negligence per se on the part of Mrs. Bui for violation of the assured clear distance statute. The court, William R. Brown, J., instructed the jury on the sudden emergency doctrine, an exception to the assured clear distance statute, and the jury returned a verdict of no cause of action. Plaintiff appealed. *Held:*

The sudden emergency doctrine requires the circumstances of an accident to present an unusual or unsuspected situation. Reviewing the evidence in a light most favorable to defendants, the situation involved in this case was not suspected. Therefore, the jury instruction on sudden emergency was warranted.

Affirmed.

1. AUTOMOBILES — NEGLIGENCE — SUDDEN EMERGENCY DOCTRINE.

The sudden emergency doctrine requires the circumstances of an accident to present an unusual or unsuspected situation.

2. AUTOMOBILES — NEGLIGENCE — SUDDEN EMERGENCY DOCTRINE.

The term "unsuspected" as employed in the sudden emergency

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic §§ 420, 1100, 1101, 1117.

Sudden emergency as exception to rule requiring motorist to maintain ability to stop within assured clear distance ahead. 75 ALR3d 327.

Instructions on sudden emergency in motor vehicle cases. 80 ALR2d 5.

See the annotations in the ALR3d/4th Quick Index under Automobiles and Highway Traffic.

doctrine means a potential peril within the everyday movement of traffic, and to come within the confines of the emergency doctrine as "unsuspected" it is essential that the potential peril had not been in clear view for any significant length of time and was totally unexpected.

3. AUTOMOBILES — NEGLIGENCE — SUDDEN EMERGENCY DOCTRINE — JURY INSTRUCTIONS.

   A party who invokes the sudden emergency doctrine is entitled to a proper instruction if any evidence exists which would allow a jury to conclude that an emergency existed within the meaning of the doctrine.

4. APPEAL — AUTOMOBILES — NEGLIGENCE — SUDDEN EMERGENCY DOCTRINE — JURY INSTRUCTIONS.

   An appellate court views the testimony taken at trial in the light most favorable to the defendant when reviewing the propriety of a jury instruction.

*Eriksen, Rabette & O'Dea, P.C.* (by *Dale F. Kelly*), for plaintiff.

*Coulter, Cunningham, Davison, Beeby, Raven & Rogers* (by *George W. Beeby*), for defendants.

Before: J. H. GILLIS, P.J., and CYNAR and R. L. EVANS,* JJ.

PER CURIAM. A jury returned a verdict of no cause of action in favor of the defendants in this personal injury action. The plaintiff's motion for a new trial was denied and this appeal follows as of right.

Plaintiff contends error resulted when the trial court instructed the jury on sudden emergency, SJI2d 12.02. We disagree.

An accident occurred on September 23, 1978, when an automobile driven by defendant Lan H. Bui struck James L. Farris, a pedestrian, age six years and four months. The accident happened

---

* Recorder's court judge, sitting on the Court of Appeals by assignment.

near the intersection of Eighth Street, a four-lane east-west road, and Franklin Street, a two-lane north-south road in Traverse City. It was a clear and sunny day.

At about 6:30 p.m., defendant driver was travelling in the inner westbound lane of Eighth Street. A five-year-old daugther was a passenger in the car. There were no parked cars ahead of the defendant vehicle on either side of the street. A witness, Virginia Nash, was driving behind defendant's vehicle.

About four or five houses east of the intersection, defendant driver observed that the plaintiff pedestrian, age six, and his brother, age eight, were on the south side of Eighth Street and were going to cross the street in a northerly direction. The point of impact was the inner westbound lane of Eighth Street.

Defendant driver saw both boys step off the curb and start to cross the street. After starting to cross, they turned around, went back and stood there talking. Defendant driver had the impression that the boys would not attempt to cross the street until her car passed. She slowed down and observed the boys as she drove. Suddenly, the plaintiff pedestrian took off from the older brother and ran toward her vehicle. Defendant driver attempted to turn to the right trying to miss the pedestrian, but the boy hit her car. She estimated her speed at impaced to be about 5 miles per hour.

Witness Nash had a good view of the accident scene. Her testimony supported defendant's version of what happened. She stated that at least one of the boys started to run into the street, turned around, and returned to the curb. After a moment of hesitation, he ran right back into the street, looking directly at defendant's oncoming vehicle. Nash was amazed that the pedestrian ran

out into the street since she assumed he would wait at the curb for traffic to pass.

The sole question before us is whether the proofs warrant the giving of the sudden emergency instruction pursuant to SJI2d 12.01 and 12.02.

The sudden emergency doctrine requires the circumstances of an accident to present an "unusual or unsuspected" situation. *Vander Laan v Miedema,* 385 Mich 226, 232; 188 NW2d 564 (1971). In the case at bar, the parties agree that the accident's circumstances did not present an unusual situation as defined by the doctrine. The parties argue over whether the accident presented a situation that is unsuspected.

The *Vander Laan* Court described "unsuspected" as a potential peril within the everyday movement of traffic, and applied a two-prong test. First, it is essential that the potential peril had not been in clear view for any significant length of time. Second, it is essential that the potential peril was totally unexpected. *Id.*

A party who invokes the sudden emergency doctrine is entitled to a proper instruction if any evidence exists which would allow a jury to conclude that an emergency existed within the meaning of the doctrine. *McKinney v Anderson,* 373 Mich 414, 419-420; 129 NW2d 851 (1964); *Ivy v Binger,* 39 Mich App 59; 197 NW2d 133 (1972); *Wright v Marzolf,* 34 Mich App 612, 613-614; 192 NW2d 56 (1971). In reviewing a trial court's instruction, trial testimony must be viewed in a light most favorable to a defendant. *Id.*

Reviewing the evidence in a light most favorable to defendants, we conclude that the peril was not in clear view, was totally unexpected, and therefore presented a situation not suspected by defendant driver. The proofs show that defendant driver

watched the boys try to cross the street and return to the curb. She had the minor in her view, which was not obstructed. Although she did not know what the boys would do, she was under the impression that they would wait to cross the street after the traffic cleared. Nash and the minor's brother testified that they were amazed or surprised by the darting action of the minor. On this record, some evidence was presented that the situation was not suspected, thereby warranting the sudden emergency instruction.

The proofs presented at trial warranted an instruction on the sudden emergency doctrine.

Affirmed.